[No. 1108. Decided November 11, 1893.]

*In the Matter of the Application of* JOHN MURPHY *for a Writ of Habeas Corpus.*

CRIMINAL LAW—TIME OF TRIAL OF ACCUSED.

Where a person charged with crime has been tried and convicted within sixty days after the filing of the information, and upon his motion the conviction has been set aside, and new trial granted, the failure to re-try the case within sixty days after the information was filed is not ground for dismissal under §1369, Code Proc., as that section would not apply to such a case until after the expiration of sixty days from the making of the order setting aside the former trial.

*Original Application for Habeas Corpus.*

*F. W. Cushman*, for petitioner.

*W. H. Snell*, for respondent.

The opinion of the court was delivered by

SCOTT, J.——The relator and one John Olsen were bound over to the superior court of Pierce county to answer a charge of burglary.

On the 18th day of September, 1893, Olsen was tried and convicted in said court, and on the 20th day of said month the relator was there tried and convicted, whereupon relator filed a motion for arrest of judgment and for a new trial. Upon the hearing thereof said court set said conviction aside and fixed upon the 12th day of October, 1893, for a re-trial.

Said cause not yet having been brought to trial, said defendant asks to be discharged under § 1369, Code Proc., which provides that—

"If a defendant indicted or informed against for an offense, whose trial has not been postponed upon his application, be not brought to trial within sixty days after the indictment is found or the information filed, the court must order it to be dismissed, unless good cause to the contrary be shown;"—

And upon the ground that he has not been granted a speedy public trial by an impartial jury, as is provided by § 22, art. 1 of the constitution, and § 1363, Code Proc. As reasons why the writ should not be granted, the return to the order to show cause alleges said court was on the 12th day of October aforesaid occupied with the trial of other criminal causes, and for that reason it was impracticable to try said defendant at said time, and also for some time thereafter, and as a further reason for not bringing said cause to trial, it is alleged that in the opinion of the court and the prosecuting attorney it would have been impossible to have procured an impartial jury to try said cause from the panel in attendance at said term of court in consequence of two juries having been drawn therefrom previously for the purpose of trying said Olsen and relator as aforesaid, and it appears that after the other business of the term had been disposed of, the jurors were discharged and the relator held in custody. It appears that only one of the departments of said court, however, was occupied with the

trial of criminal causes, and that the defendant could have been tried in another department thereof, providing a jury could have been obtained therefor.   The reasons advanced for not trying relator are unsatisfactory, and we are of the opinion that there should have been an attempt at least to have obtained a jury from said panel or otherwise as provided by law to re-try him.   But, be this as it may, we do not think the relator has shown sufficient cause for his discharge at this time.   Section 1369 aforesaid should not be held to apply to this kind of a case, at any rate until after the expiration of sixty days from the making of the order setting aside the trial which was had.

While it may be that the relator has not been granted a speedy and impartial trial within the other provision aforesaid, we do not think that the delay was under the circumstances so unwarranted as to entitle him to a discharge thereunder, whatever other rights he may have in the premises.

Writ denied.

HOYT, J., concurs in the result.

ANDERS, J. (*concurring*).—It is not claimed on behalf of the relator that he was not tried within the time prescribed by the statute, but it is insisted that he ought now, as matter of right, to be discharged from custody, for the reason that he was not re-tried at the time when the cause was again set down for trial by the prosecution.   I know of no statute prescribing the particular causes for which a continuance of a trial in a criminal case may be had by the state.   It seems that "good cause" therefor must be shown.   And perhaps the grounds of the application, whatever they may be, should be made to appear of record, and with the same formality required of a defendant.   But when a postponement has been asked for by the prosecuting officer representing the public, and the grounds

therefor stated, though informally, and the application has been granted by the court, it seems to me that the mere fact that the reasons assigned for the continuance do not appear to be satisfactory is not alone a sufficient reason for discharging the accused.    Before such action is taken, I think it ought to appear plainly that the party asking the discharge is deprived of his liberty without due process of law, or, at least, plainly contrary to the law.

I think the relator is not entitled to a discharge.

STILES, J. — I do not think that a mere statement of the prosecuting attorney, that he did not believe he could get a jury, was any sufficient reason for an indefinite continuance.    There were fifty-four jurors still present, and it did not appear that any of them had ever been called to sit at either of the former trials.    The statute requires that good cause be shown for a postponement of a trial, and it should be shown of record with the same formality that would be required of a defendant who would be required to prove his right to a continuance by affidavit.    The purpose of this statute was to compel the state to proceed with criminal trials within a reasonable time, or to discharge the accused.    At the very least, this petitioner should be allowed to go on his own recognizance as provided in Code Proc., § 1370.

DUNBAR, C. J. — I concur in what Judge STILES has said above.