[No. 9804. Department Two. April 30, 1912.]

L. T. SILVAIN, *Receiver, Appellant,* v. W. D. BENSON *et al.,
Respondents.*[1]

JUDGMENTS—IMPEACHMENT—RECITALS AS TO SERVICE—EVIDENCE TO
OVERCOME—SUFFICIENCY.  Where, in an action against a bank, an
order of default mentions a return of the sheriff showing that serv-
ice was duly made, and that the defendant had appeared by attor-
neys, and there was on record an affidavit by one M. that he had
served the summons and complaint on B., vice president, and K., a
trustee of the defendant, the affidavit of B. that he had never quali-
fied and had refused to accept the office of vice president, and was
not an officer, is insufficient to overcome recitals in the judgment
that the defendant had been duly served with a summons and com-
plaint; such affidavit not being conclusive, and it not appearing that
it was not contradicted by other evidence, or that the sheriff did
not make any return.

CORPORATIONS—ACTIONS—SERVICE ON OFFICERS—VICE PRESIDENT AS
HEAD OF COMPANY—IMPEACHMENT OF JUDGMENT.  In an action against
a corporation in which there appears to have been service upon the
vice president and a trustee, and the judgment recites due service
on the defendant, such officers may have been the "other head of the
company" or "managing agent thereof," within Rem. & Bal. Code,
§ 226, subd. 8, authorizing the service on the president or other head,
or secretary, cashier, or managing agent thereof.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered May 8, 1911, dismissing· an
action to recover unpaid stock subscriptions, upon granting
a nonsuit.   Reversed.

*Shorett, McLaren & Shorett,* for appellant.

*John E. Humphries, E. P. Edsen, Geo. B. Cole, Edward
Von Tobel, McClure & McClure, Bogle, Merritt & Bogle,
R. C. Saunders, Fred H. Peterson, E. H. Kohlhase, Nicholas
Schmitt, Alfred Gfeller, Byers & Byers,* and *Willett & Oleson,*
for respondents.

CROW, J.—This action was commenced by L. T. Silvain
as receiver of German-American Bank of Seattle, a corpo-

[1]Reported in 123 Pac. 457.

ration, against W. D. Benson and sixty-two other defend-
ants, to recover unpaid stock subscriptions. Plaintiff had
been appointed and qualified as receiver, by the superior
court of King county, in cause No. 68,111, wherein the
Washington Interior Finish Company, a corporation, was
plaintiff and the German-American Bank, of Seattle, was de-
fendant. When this action was called for trial, plaintiff
offered in evidence from the files and records in cause No.
68,111, the judgment and decree by which he had been ap-
pointed, his oath and bond as receiver, his petition for the
allowance of claims filed with him by creditors of the bank,
the order approving and allowing such claims, his petition
asking permission to bring this action, an order authorizing
this action, and other orders not material to this appeal.
The trial judge admitted these records and files, but upon
his own motion directed that all the files and records in cause
No. 68,111 be admitted in evidence. Thereupon the de-
fendants herein moved for a nonsuit and order of dismissal,
contending that, from all the records and files thus admitted,
it appeared that the superior court in cause No. 68,111
had no jurisdiction of the defendant bank, that it was with-
out authority to appoint a receiver, that the final judgment
and the pretended order appointing the receiver were void,
and that the receiver was not entitled to prosecute this ac-
tion. The nonsuit was granted. The action was dismissed,
and the receiver has appealed.

Appellant's controlling assignment is that the trial judge
erred in holding that the judgment in cause No. 68,111 ap-
pointing him as receiver was entered without jurisdiction and
was void. The judgment and order appointing the receiver,
in part, reads as follows:

"This cause having come on regularly to be heard on this
9th day of August, 1909, before the undersigned judge of
the above entitled court upon the plaintiff's complaint, and
the defendant herein having been duly served with the sum-
mons and complaint herein, and the default of the defendant
having been heretofore duly entered, and the plaintiff ap-

pearing by Shorett & Shorett, its attorneys, and the defendant failing to appear either in person or by attorney, and the court having heard all of the evidence adduced herein, and the judge who tried said cause being the judge of the above entitled court, having made and filed his findings of fact and conclusions of law, and being in all things fully advised in the premises;

"It is hereby considered, ordered, adjudged and decreed that the plaintiff have and recover of and from the defendant, The German American Bank of Seattle, a corporation, the sum of $1,150, with interest thereon at the rate of six per cent per annum from date hereof until paid, and the costs and disbursements of this action be taken herein by said court, and an attorneys fee of fifty dollars.

"That the temporary receiver [L. T. Silvain] be made a permanent receiver, that the property and all assets belonging to the company be turned over to said receiver and that he take charge of all books, papers of whatever kind or nature whatsoever belonging to said corporation."

It will be observed that the judgment is valid on its face, and that it recites a service of summons and complaint sufficient to confer jurisdiction on the court. The question now presented is whether this finding and adjudication of service and jurisdiction has been successfully disputed by other files and orders admitted by the trial judge. The additional files and orders, so far as they are material, are: (1) Two proofs of service, made on July 15, 1909, by the affidavit of R. J. Meakim, filed on August 11, 1909, in which he deposed that on July 10, 1909, he served the summons and complaint on W. D. Benson, vice president of the bank, and that on July 14, 1909, he served them on E. C. Klyce, trustee of the bank. (2) An affidavit of W. D. Benson, filed on July 16, 1909, in which he deposed that the summons and complaint were served on him on July 10, 1909, that he was elected one of the officers of the bank, that he never qualified as such officer, that he at all times refused to accept the office to which he was elected, and that he was not an officer at the time of service upon him. (3) A motion and affidavit of E. C. Klyce, filed July 16, 1909, re-

sisting the appointment of a temporary receiver. In this affidavit he deposed, *inter alia*, that he was one of the incorporators of the bank, but did not deny that he was a trustee. (4) An order made and entered on July 17, 1909, appointing L. T. Silvain as temporary receiver, and reciting that the defendant appeared by its attorney. (5) An order of default entered on Aug. 10, 1909, which recited that it appeared "to the satisfaction of the court from the return of the sheriff now on file herein, that said defendant was duly, legally and personally served with summons and complaint herein in said King county, Washington, on the 14th day of July, 1909."

Although the order of default mentions a return of the sheriff, no such return appears in the record, and we are unable to determine that the sheriff did not make a return. Proofs of service had been made by R. J. Meakim, but were not filed until August 11, 1909, the day after the order of default and judgment were entered. These proofs may have been inadvertently mentioned as a sheriff's return; but be that as it may, the judgment and order of default both found and adjudged the ultimate fact that legal service on the bank had been made. Counsel for respondents discuss many questions immaterial to the issue before us, which is the jurisdiction of the court to enter the judgment and appoint the receiver. The decree adjudicated that the jurisdiction existed, and we are unable to conclude that such adjudication has been successfully overcome or disputed by other files and orders admitted in evidence.

Appellant contends that the attack which respondents make upon the judgment is collateral, while respondents insist it is direct. Conceding, without deciding, that it is direct, as respondents contend, yet, on such an attack they would have to produce evidence sufficient to overcome the jurisdictional recitals contained in the judgment itself before it could be held void. The records upon which respond-

ents rely, affirmatively show that service was made on Klyce
as trustee and Benson as vice president of the bank, and that
the bank appeared by its attorneys when the temporary re-
ceiver was appointed.  While it is true that Benson filed his
affidavit denying he was an officer, it will be noticed that,
after its filing, the court found the ultimate jurisdictional
fact that service had been made on the bank.  For all that
now appears, evidence may have been then produced showing
that Benson was vice president notwithstanding his denial.
In any event, it is apparent that the court found the fact to
be that the bank was served, its determination in that regard
appearing on the face of the judgment.  In *Meisenheimer v.
Meisenheimer*, 55 Wash. 32, 104 Pac. 159, 133 Am. St.
1005, commenting on a decree which found and adjudged
the fact that service had been made and was regular, we said:

"An erroneous determination of a fact properly submitted
cannot render a judgment void.  The same is true as to
every other fact relied upon for procuring the decree.  The
court necessarily found that there had been a proper service;"

Respondents assume that, on the trial of this action, we
are compelled to accept as true the affidavit made by Benson,
notwithstanding the findings made by the superior court in
cause No. 68,111.  If judgments valid on their face and
showing jurisdiction, could be so easily impeached, it is mani-
fest that, to accomplish that end, it would only be necessary
for an officer of a corporation to file such an affidavit after
legal service upon him, permit judgment to be entered upon
proof of service made, and then in a future action predicated
upon such judgment insist that his affidavit must be ac-
cepted as true although in conflict with findings made by the
court.  We cannot announce any such rule.  The finding
and adjudication appearing on the face of the judgment
must, at this time, be accepted as true, as against any such
showing.

Respondents rely on subd. 8 of § 226, Rem. & Bal. Code,
relative to service of summons, which reads as follows:

"If the suit be against a company or corporation other than those designated in the preceding subdivisions of this section, to the president or other head of the company or corporation, secretary, cashier or managing agent thereof."

They now insist that the files and orders in cause No. 68,111 fail to affirmatively show that either Klyce or Benson was one of the officers mentioned in this section. We do not know what showing may have been made in that regard. The judgment recites due service on the defendant bank. Proof may have been made that the bank had no president, and that Benson was in fact its vice president. If so, it then appeared that Benson as vice president was the "other head of the company or corporation." On the other hand, the court may have found that he was not vice president, yet service was made on Klyce as trustee. He did not deny that he was a trustee. It may have been shown that there were no other officers of the corporation to be served, and the court may have found the fact to be that Klyce, as one of the trustees, was the "other head of the company or corporation" or that he was the "managing agent thereof." We cannot hold that the record introduced is sufficient, in the absence of further evidence, to contradict the recitals of the judgment and show that no service had been made sufficient to confer jurisdiction upon the court.

The judgment of dismissal is reversed, and the cause is remanded for a trial upon the merits.

DUNBAR, C. J., ELLIS, and MORRIS, JJ., concur.