[No. 10981.   Department Two.   February 18, 1913.]

THE STATE OF WASHINGTON, *Appellant*, v. PETER MILLER, *Respondent*.[1]

CRIMINAL LAW—TRIAL—RIGHT TO SPEEDY TRIAL—STATUTES—CONSTRUCTION. Rem. & Bal. Code, §2312, providing for the dismissal of a criminal charge if the accused be not brought to trial within 60 days after the indictment found or information filed, is satisfied if his first trial is had within such time, and does not require that, after appeal and reversal of a judgment of conviction, a second trial shall be had within sixty days after the remittitur has gone down to the lower court.

. SAME—WAIVER OF RIGHT. The right to a speedy trial, within Const., art. 1, § 22, and Rem. & Bal. Code, § 2312, providing for the

[1]Reported in 129 Pac. 1100.

dismissal of a criminal charge if the accused be not brought to trial within 60 days after indictment found or information filed, unless good cause is shown for the delay, is waived by failure to ask for a trial and acquiescence in the delay until the case has been set for trial upon the request of the state, where the state did not act arbitrarily and had a plausible excuse for the delay.

Appeal from a judgment of the superior court for King county, Ronald, J., entered October 10, 1912, dismissing a criminal prosecution for delay in bringing the defendant to trial. Reversed.

*John F. Murphy* and *Reah M. Whitehead,* for appellant.

*Joseph M. Glasgow,* for respondent.

ELLIS, J.—This is an appeal from a judgment dismissing a criminal action on the ground that the defendant, respondent here, had not been brought to trial within the time limited by law.

An information charging the respondent with the crime of burglary in the first degree was filed in the superior court of King county on August 10, 1909. The cause was brought on for trial on October 29, 1909, and on November 2, 1909, respondent was found guilty of burglary in the second degree. He appealed and secured a reversal. *State v. Miller,* 61 Wash. 125, 111 Pac. 1053, Ann. Cas. 1912 B. 1053. In pursuance of that reversal, a remittitur from this court was, on February 15, 1911, filed in the clerk's office of the trial court. Prior to September 30, 1912, no effort was made by either side to have the cause set for retrial. On that date, upon application of the appellant in open court, the cause was set for trial on October 29, 1912. Counsel for respondent objected and was granted by the court time until October 5, 1912, in which to present a motion for dismissal. Thereafter he moved for a dismissal upon the ground that he had not been brought to trial within the time limited by law. The motion was supported by an affidavit that no continuance had been asked for, and no postponement obtained by him, since the remittitur was transmitted from this court.

The prosecuting attorney, in resistance to that motion, presented his affidavit, stating, in substance, that the evidence on which the former conviction was obtained consisted largely of defendant's own confession and that of his accomplice, Taylor; that the supreme court, in reversing the judgment, held such evidence to have been obtained under duress, and hence inadmissible; that, without such testimony, or especially that of Taylor, another conviction was improbable, and it was not advisable, in the absence of such testimony, to incur the expense of a retrial; that prior to the date of the remittitur from this court, the defendant had been convicted in another case upon the same evidence and had appealed, which appeal was pending at the date of the remittitur in this case; that the state was hoping and endeavoring to induce the supreme court in the pending appeal to recede from its former ruling concerning the admissibility of one or both of the confessions; that the supreme court reversed the last conviction and so far modified its former ruling as to hold that it was "not error to submit the testimony of the accomplice Taylor to the jury;" (*State v. Miller*, 68 Wash. 239, 122 Pac. 1066); this was on April 13, 1912; that thereafter a petition for rehearing of the last-mentioned appeal was submitted to the supreme court, in the hope and belief that the supreme court might be induced further to modify its ruling as to the admissibility of the confession of the defendant; that the supreme court held that petition under advisement till September 29, 1912, when it was denied, and the affiant at once caused this case to be set for retrial; that during all the time since the conviction of the defendant in the last case appealed, he has been held under conviction and under a charge of being an habitual criminal, and upon other charges as shown by the records and files of the court; that no hardship has been worked upon him by the state's refraining from setting this case for retrial pending a final determination by the supreme court of the matters involved in the last appeal; that this cause has already

been set for trial on October 29, 1912, which date was the earliest date at which it could be tried under the condition of the calendar in the criminal department at the time of the setting thereof; and that until the final determination by the supreme court in the case last appealed denying the petition for rehearing therein, the questions of law that have arisen and will arise in this case had not been finally decided by the supreme court, and the course which the state might or could pursue in accordance with law had not until that time been made plain.

The statute, Rem. & Bal. Code, § 2312, reads as follows:

"If a defendant indicted or informed against for an offense, whose trial has not been postponed upon his own application, be not brought to trial within sixty days after the indictment is found or the information filed, the court shall order it to be dismissed, unless good cause to the contrary is shown."

While it appears from the records that the first trial of this cause was not had within sixty days after the information was filed, it does not appear that the failure was due to any delay on the part of the prosecution. In this discussion, the question must be treated as if the respondent had actually been brought to trial originally within sixty days after the information was filed. The questions, therefore, actually presented on this appeal are: (1) Does the statutory provision above quoted, where a defendant has once been tried and convicted and the judgment reversed on appeal, entitle him to a dismissal because more than sixty days had elapsed without a retrial after the filing of the remittitur? (2) If not, was good cause shown for the delay? The first of these is a question of statutory construction; the second, a question of judicial discretion in the application of the constitutional provision for a speedy public trial.

The statute provides for a dismissal if the defendant be not brought to trial within sixty days after the indictment is found or the information filed. The statute is mandatory.

A trial must be offered by the state within the statutory period or good cause for delay shown. No initiative action is imposed upon the defendant. When, however, a trial has been had within that period, have the terms of the statute been · satisfied? We must take the statute as we find it. Its mandate is to bring the defendant to trial within sixty days after the information is filed. If the legislature had intended that the same limitation of time should apply to a second trial on reversal, the words "after information filed" would have been modified by the phrase "or in case of reversal on appeal, within sixty days after the filing of the remittitur in the trial court," or by words of similar import. In the absence of such words, we are constrained to hold that the legislature did not intend to convey the meaning which they would express and which is not expressed by the words actually employed. The language of the statute is plain and unambiguous. The words used are simple and incapable of more than one meaning. Their natural meaning is that the specific limitation of time applies only to the first trial, since that trial in the natural sequence of events is the only one having an immediate relation to the time of filing the information. This is obvious, because in case of reversal on appeal, and usually in case of a new trial granted by the lower court, a retrial could not be had within sixty days after the filing of the information.

"In the interpretation of statutes words in common use are to be construed in their natural, plain, and ordinary signification. It is a very well-settled rule that so long as the language used is unambiguous a departure from its natural meaning is not justified by any consideration of its consequences, or of public policy; and it is the plain duty of the court to give it force and effect." 36 Cyc. 1114.

See, also, Sutherland, Statutory Construction, § 238; Sedgwick, Construction of Statutory and Constitutional Law (2d ed.), p. 265; *State ex rel. Chamberlin v. Daniel*, 17 Wash. 111, 49 Pac. 243; *Walker v. Spokane*, 62 Wash. 312,

113 Pac. 775, Ann. Cas. 1912 C. 994. The purpose of the statute is to prevent continued incarceration without opportunity to the accused, within a reasonable time, to meet the proofs upon which the charge is based. A trial within sixty days after indictment found or information filed meets the purpose of the legislature to accord an early opportunity for relief from an unfounded charge. Having had that opportunity, the one time prescribed by the statute, a specific limit of time for a retrial is not a matter of absolute right, but the time for such retrial is addressed to the judicial discretion of the trial court in view of the whole situation.

This view is sustained by what seem to us the more persuasive authorities. In *Commonwealth ex rel. McGurk v. Superintendent of County Prison*, 97 Pa. St. 211, the statute involved declared that "if such prisoner shall not be indicted and tried the second term, sessions or court, after his or her commitment, unless delay happen on the application, or with the assent of the defendant, or upon trial shall be acquitted, he or she shall be discharged from imprisonment." The prisoner, having been convicted and obtained a new trial, was kept in custody for more than four terms after the new trial was awarded. The court held that he could not invoke the provisions of the statute to secure his discharge, using the following language:

"Having thus procured a new trial, which must necessarily be more than six terms after his commitment, he now seeks to apply a statute which limits the time between commitment and the first trial to the interval of time after a new trial ordered and the second trial being had. We find no warrant for such application, either in the letter or in the spirit of the statute. It is further contended that, inasmuch as when a verdict is set aside or a judgment reversed and a new trial awarded, the case goes back upon all issues of fact, as if it had never been tried, therefore this statute is made applicable. Conceding the correctness of the rule as to the manner and form to be observed in the second trial, yet the conclusion claimed by no means follows. The interval of time between the commitment and the close of the

second term thereafter cannot be retraced, nor the statute, which might then have been invoked, be made applicable to a second period of time commencing long after the expiration of the time specified in the statute."

In *Glover's Case*, 109 Mass. 340, construing a statute which required that the accused be tried "at the next term of the court after the expiration of six months from the time when he was imprisoned," the court, holding that this statute had no application to a second trial, said:

"A trial before the expiration of six months meets the purpose of the statute in securing to the prisoner an early opportunity of relief from an unfounded charge. Having had that, his application for another trial is not of absolute right, but is addressed to the judicial discretion of the court."

In *State v. Dilts*, 76 N. J. L. 410, 69 Atl. 255, the accused sought release on recognizance on the ground that, after a trial and disagreement in one term, he had not been brought to trial in the second term thereafter, under a statute providing for such release in case the defendant be not tried "at the term in which issue is joined or at the term after." The court, in denying the application, said:

"While in strictness, the word 'trial' implies a verdict, it was clearly not contemplated by the statute that a verdict must be had at the first or second term or the prisoner be entitled to his discharge. The evil which the act was intended to remedy was the continued incarceration of citizens accused of crime because of delay of prosecutors in moving the indictments for trial. If it were otherwise two disagreements at successive terms would require the defendant's discharge or a postponement for good cause by the court. Under the view we take of the meaning and purpose of the statute, it was satisfied by the trial and disagreement of April term, 1907, and became inoperative thereafter."

While we are not favored with brief or argument on respondent's part, we have made a careful examination of the authorities cited by the trial court as sustaining his de-

cision. In *In re Murphy*, 7 Wash. 257, 34 Pac. 834, the defendant was once tried, convicted, and a new trial granted before the expiration of sixty days from the trial had. This court said that the statutory provision "should not be held to apply to this kind of a case, at any rate until after the expiration of sixty days from the making of the order setting aside the trial which was had." Manifestly the question here presented was not before the court. *In re Bergerow*, 133 Cal. 349, 65 Pac. 828, 85 Am. St. 178, 56 L. R. A. 513, construing a statute similar to ours, holds that the sixty-day requirement is applicable to the period commencing after a trial resulting in a disagreement of the jury. The court argues in substance that, if one trial be held to satisfy the statute, the same contention would apply to the constitutional guaranty of a speedy trial. We think not. The statute fixes a *specific time beginning with a specific event* within which trial must be had unless good cause to the contrary be shown. That specific event, the filing of information, limits the operation of the statute to the first trial. The provision in the constitution, art. 1, § 22, contains no such limitation. The provision for a speedy public trial therein contained, therefore, applies to all time during which the accused is subject to trial, and inasmuch as it fixes no time as defining a speedy trial, the time of retrial after the statute has been satisfied by a first trial is of necessity left to the judicial discretion of the trial court. What in such a case is a speedy trial must depend upon the circumstances of the case.

"Again, it is required that the trial be *speedy;* and here also the injunction is addressed to the sense of justice and sound judgment of the court." Cooley, Constitutional Limitations (7th ed.), 440.

There is another distinction between the mandate of the statute and the provision of the constitution. The one is a statutory mandate, the other a constitutional privilege. The

statute imposes upon the state the duty to bring the accused to trial within the sixty days. The state must take the initial action. The constitution accords a right to the accused to a speedy public trial. If he does not demand it, he should not complain.

Such is the rule under statutes not mandatory.

"A demand for a trial, a resistance to a postponement, or some other effort to secure a speedy trial must be shown to entitle the accused to a discharge under the statute by reason of the delay of the prosecution." 12 Cyc. 500.

That a constitutional right may be waived by the accused has been repeatedly held by this court. *State v. Ash*, 68 Wash. 194, 122 Pac. 995, 39 L. R. A. (N. S.) 611; *State v. Quinn*, 56 Wash. 295, 105 Pac. 818. This court has also held that even the madatory statutory provision is waived by a failure to ask for a dismissal until just before trial. *State v. Alexander*, 65 Wash. 488, 118 Pac. 645. See, also, *State v. Seright*, 48 Wash. 307, 93 Pac. 521; *State v. Lorenzy*, 59 Wash. 308, 109 Pac. 1064, Ann. Cas. 1912 B. 153. *A fortiori* it would seem that the constitutional right should be deemed waived by the failure to ask for a trial, the silent acquiescence in the delay, and the failure to claim the constitutional right until the cause had been definitely set for trial upon the request of the state, and then only by a motion to dismiss.

"As to what constitutes a speedy trial, and what action must be taken by the accused to avail himself of the right to a dismissal because of delay, the authorities are conflicting. Except in so far as statutes may otherwise require, we think the rule should be that a demand for trial, resistance to postponement, or some other effort to secure a speedy trial on the part of the accused, should be shown to entitle him to a discharge on the ground of delay. 12 Cyc. 500. All our statute requires is a trial at the next term after the finding of the indictment, unless for good cause shown or upon application of the accused it be postponed. It does not declare that in case of a disagreement a second trial must be had at the next succeeding term. Nevertheless, under

the constitution, another trial should follow a disagreement with reasonable speed or the action should be dismissed. What is reasonable speed depends upon the circumstance surrounding each particular case. There is, therefore, nothing in our statutes or constitution which precludes recognition of the rule that, where one trial has taken place in compliance with the statute, which has resulted in a disagreement, it is incumbent upon the accused to at least manifest a desire for another trial before he is entitled to a dismissal on the ground of delay." *State v. Lamphere,* 20 S. D. 98, 104 N. W. 1038, 1040.

There can be no question that, if at any time during the period after the remittitur from this court the respondent had demanded a speedy trial, it must have been accorded him or the information dismissed, in the absence of good cause shown for a continuance on the state's part. Nor do we hold that the showing now made by the state would have been sufficient had a trial been demanded. We do hold, however, that the showing made should be held a sufficient excuse for failure to bring the respondent to an earlier trial, since he has never expressed a desire to be tried. The constitutional privilege of a speedy trial was intended to prevent an arbitrary, indefinite imprisonment, without any opportunity to the accused to face his accusers in a public trial. It was never intended as furnishing a technical means for escaping trial. It does no violence to this provision, either in letter or spirit, to hold that there has been no arbitrary denial of the right to a speedy trial under the circumstances set forth in the state's showing, where as here the accused has never demanded a trial.

The judgment is reversed, and the cause is remanded for trial.

CROW, C. J., MAIN, MORRIS, and FULLERTON, JJ., concur.