[No. 12066. Department Two. December 11, 1914.]

THE STATE OF WASHINGTON, *Respondent*, v. PETER MILLER, *Appellant*.[1]

CRIMINAL LAW—APPEAL—RIGHT OF STATE TO APPEAL—STATUTES— CONSTRUCTION. Under Rem. & Bal. Code, § 1716, giving the state the right of appeal in a criminal case where the error is in setting aside the indictment or information, or in arresting the judgment on the ground of insufficiency of the facts alleged, "or in some other material error not affecting the acquittal of the prisoner on appeal," the state has a right to appeal from a dismissal on the ground that the defendant was not brought to trial within sixty days after a remittitur was received from the supreme court under Id., § 2312; since the error arising on the construction of the statute was one of law, and judgment of dismissal on that ground in no sense affected the acquittal of the prisoner upon the merits.

Appeal from a judgment of the superior court for King county, Ronald, J., entered September 24, 1913, upon a trial and conviction of second degree burglary. Affirmed.

*Joseph M. Glasgow*, for appellant.

*John F. Murphy, Everett C. Ellis (Herbert B. Butler*, on the brief), for respondent.

MAIN, J.—On August 10, 1909, the defendant in this case was charged by information with the crime of burglary in the first degree. The case was brought on for trial on October 29, 1909, and resulted in a verdict of guilty of burglary in the second degree. From the judgment entered upon the verdict, an appeal was prosecuted, which resulted in a reversal. *State v. Miller*, 61 Wash. 125, 111 Pac. 1053, Ann. Cas. 1912 B. 1053. On February 15, 1911, the remittitur from this court was filed in the office of the clerk of the superior court. On September 30, 1912, upon the application of the prosecuting attorney, the cause was set for trial on October 29, 1912. Counsel for the defendant objected

[1]Reported in 144 Pac. 693.

to the case being set for trial, and moved the court for a dismissal. The basis of the motion was that the case had not been brought to trial within sixty days after filing the remittitur with the clerk of the superior court. Upon hearing upon this motion, the court entered a judgment of dismissal. From this judgment, the state appealed and the judgment was reversed. *State v. Miller*, 72 Wash. 154, 129 Pac. 1100. Thereafter the defendant was again placed upon trial, and was found guilty of burglary in the second degree. From the judgment entered upon the verdict, the present appeal is prosecuted.

The only error assigned is that, after the judgment of dismissal had once been entered, the court was subsequently without jurisdiction to try the cause. The question then is whether the state had the right to appeal from such judgment?

The general rule is that the state in a criminal case has no right to appeal from an adverse judgment unless such right is given by statute. *United States v. Sanges*, 144 U. S. 310; *State v. Johnson*, 24 Wash. 75, 63 Pac. 1124.

By Rem. & Bal. Code, § 1716 (P. C. 81 § 1183), the state is given the right to appeal in a criminal case when the error complained of is in setting aside the indictment or information, or in arresting the judgment, on the ground that the facts stated in the indictment or information do not constitute a crime, "or in some other material error in law not affecting the acquittal of the prisoner on the merits." By this statute the state may appeal when the error complained of is one of law not affecting the acquittal of the prisoner on the merits. The error which inhered in the judgment of dismissal was as to the interpretation of Rem. & Bal. Code, § 2312 (P. C. 135 § 119), which provides that the defendant, when his trial has not been postponed upon his own application, shall be brought to trial within sixty days after the indictment is found or the information filed, unless good

cause to the contrary is shown. The trial court held that this section of the statute applied when there had been once a trial and upon appeal a reversal had been secured. In other words, that, in such a case, the defendant must be placed upon trial within sixty days after the remittitur is filed in the clerk's office, unless good cause to the contrary be shown. The judgment entered in accordance with this view was reversed in *State v. Miller*, 72 Wash. 154, 129 Pac. 1100. The error arising out of the construction of the statute was plainly one of law. The judgment of dismissal in no sense affected the acquittal of the prisoner upon the merits. The state, therefore, had the right to appeal from the adverse judgment of dismissal. This was at least inferentially held when the court took jurisdiction of the appeal and reversed the judgment, *State v. Miller*, 72 Wash. 154, 129 Pac. 1100. Otherwise the court would not have heard and determined the cause.

The judgment will be affirmed.

CROW, C. J., MOUNT, ELLIS, and FULLERTON, JJ., concur.