[No. 305-3.    Division Three.    July 29, 1971.]

LOUIS FRANKS et al., *Respondents,* v. HAROLD K. MEYER et al., *Defendants,* UNITED PACIFIC INSURANCE Co., *Appellant.*

*D. N. Morrison* and *Fred Caruso* (of *Morrison, Huppin, Ewing & Anderson*), for appellant.

*J. Donald Curran* and *Clarence A. Boling* (of *Delay, Curran & Boling*), for respondents.

EVANS, J.—Respondents Louis Franks and wife commenced this action for the return of a $4,200 deposit on a mobile home trailer which the defendant Rainway Manufacturing Company had agreed to build but failed to deliver because the company was forced to discontinue business due to its insolvency. The appellant United Pacific Insurance Company was surety on a motor vehicle dealer's bond in the amount of $10,000, which Rainway Manufacturing Company was required to post pursuant to RCW 46.70.070. Appellants were awarded judgment against Rainway Manufacturing Company, Harold K. and Verda Meyer, husband and wife, and their marital community, and United Pacific Insurance Company. Jon K. and Diana G. Meyer, husband and wife, were dismissed. United Pacific appeals.

The primary issue on appeal is whether RCW 46.70 contemplates liability of a surety on its motor vehicle dealer's bond to persons who have been damaged by reason of the dealer's insolvency and consequent failure to deliver.

RCW 46.70.070 establishes the requirement of a bond for a motor vehicle dealer, and sets out the circumstances under which the surety will be liable thereon. The statute provides:

> Before issuing a dealer license, the director shall require the applicant to file with said director a surety bond in the amount of ten thousand dollars for a motor vehicle dealer running to the state, and executed by a surety company authorized to do business in the state. Such bond shall be approved by the attorney general as to form and conditioned that the dealer shall conduct his business in conformity with the provisions of this chapter. Any retail purchaser who shall have suffered any loss or damage by reason of breach of warranty or by any act by a dealer which constitutes a violation of this chapter shall have the right to institute an action for recovery against such dealer and the surety upon such

bond. Successive recoveries against said bond shall be permitted but the aggregate liability of the surety to all persons shall in no event exceed the amount of the bond. Upon exhaustion of the penalty of said bond or cancellation of the bond by the surety the director shall revoke the license of the dealer.

The judgment against United Pacific upon its bond was based upon the conclusion of the trial court that (1) Rainway's failure to deliver constituted a breach of warranty, and (2) Rainway's failure to deliver because of insolvency also constituted a violation of the above statute. Error is assigned to both conclusions.

Appellant first contends that a surety on a motor vehicle dealer's bond is not liable to a retail purchaser who has been damaged by reason of a dealer's insolvency and consequent failure to deliver because insolvency is not a "violation" within the meaning of RCW 46.70.070.

In determining the meaning of the phrase "a violation of this chapter", as used in RCW 46.70.070 above, consideration must first be given to the legislative purpose in enacting chapter 46.70. In this regard RCW 46.70.005 provides:

> Declaration of purpose. The legislature finds and declares that the distribution and sale of motor vehicles in the state of Washington vitally affects the general economy of the state and the public interest and the public welfare, and that in order to promote the public interest and the public welfare, and in the exercise of its police power, it is necessary to regulate motor vehicle manufacturers, distributors or wholesalers and factory or distributor representatives, and to regulate and license dealers, and salesmen of motor vehicles doing business in Washington, in order to prevent frauds, impositions and other abuses upon its citizens and to *protect and preserve the investments and properties of the citizens of this state.*

(Italics ours.)

RCW 46.70.900 further provides:

> Liberal Construction—1967 act. All provisions of this chapter shall be liberally construed to the end that deceptive practices or commission of fraud or misrepresentation in the sale, barter, or disposition of motor vehicles

in this state may be prohibited and prevented, and irresponsible, unreliable, or dishonest persons may be prevented from engaging in the business of selling, bartering, or otherwise dealing in motor vehicles in this state and reliable persons may be encouraged to engage in the business of selling, bartering and otherwise dealing in motor vehicles in this state: . . .

Thus, in enacting the statute it was the clear purpose of the legislature (1) "to protect and preserve the investments and properties of the citizens of this state", and (2) the act is to be liberally construed to the end that unreliable and irresponsible dealers be prevented from engaging in the business of selling motor vehicles.

As to the declared purpose of the act it is obvious that motor vehicle dealers who engage in fraudulent practices present a danger of loss to their customers. However, it is equally obvious, as the record before us demonstrates, that an insolvent dealer presents an equal danger of loss to those dealing with him. In our view any definition of "irresponsible" or "unreliable" as used in RCW 46.70.900 must include within its meaning an insolvent dealer who obtains from his customers a downpayment on a motor home, based upon his promise to deliver upon a certain date but is unable to do so because of his insolvency. The record discloses Rainway was financially unreliable at the time it received the downpayment from respondents. It was also financially unreliable at the time United Pacific issued the surety bond in question. It was appellant's surety bond—a condition precedent to receiving a dealer's license—which permitted Rainway to conduct its business in a manner which resulted in a substantial loss to respondents.

Whether Rainway's insolvency in the present instance constituted a "violation" within the meaning of RCW 46.70.070 requires consideration of RCW 46.70.101 (14) which provides:

Denial, suspension or revocation of dealer's or salesman's license—Grounds. The director may by order deny, suspend or revoke the license of any motor vehicle dealer or salesman if he finds that the order is in the public

interest and that the applicant, or licensee, or in the case of a motor vehicle dealer, any partner, officer or director or majority stockholder:

. . .

(14) Is insolvent, either in the sense that his liabilities exceed his assets, or in the sense that he cannot meet his obligations as they may mature.

While the above statute does not specifically state that insolvency "constitutes a violation of this chapter", a consideration of the legislative history of RCW 46.70 makes it clear the legislature intended that grounds which serve as a basis for denial, suspension or revocation of a dealer's license also serve as a basis for liability on the dealer's bond required by RCW 46.70.070.

In 1951, when the motor vehicle dealer's bond was first required, the only acts which constituted a violation of the chapter were acts specified as grounds for denial, suspension or revocation of the dealer's license. See Laws of 1951, ch. 150, pp. 411-17. Although subsequent legislation is much more comprehensive in nature there is nothing in later enactments to indicate that the legislature deviated from its original intent that grounds for refusing or suspending a dealer's license were also grounds for recovering on a dealer's bond.

We believe such a construction best effectuates the legislative purpose in enacting RCW 46.70. This is the primary obligation of the court in interpreting a statute. *Kelso v. Tacoma*, 63 Wn.2d 913, 390 P.2d 2 (1964).

Appellant also argues that in any event insolvency is not a violation of the act unless, as provided by RCW 46.70.101, the Director of Motor Vehicles first determines that it would be in the best interests of the public to revoke the license of an insolvent dealer. We do not agree. RCW 46.70.070 bases liability upon loss or damage suffered by reason of "any act by a dealer which constitutes a violation of this chapter." Appellant concedes if a dealer became insolvent and the director found that the public interest required a suspension or revocation of his license and did

so, this would be a violation. We do not believe it necessarily follows, however, that no violation of the statute occurs until the director makes a public interest finding. The better view, as we interpret the intent of the legislature in enacting RCW 46.70, is that the actual conduct with which we are here concerned is an *act which constitutes* a violation, whether the director takes action or not.

Finally, appellant argues that if this court finds that insolvency constitutes a violation of RCW 46.70.070 we are in effect holding that insolvency is a crime. We cannot agree. All violations of chapter 46.70 are not penal in nature. Many are exclusively civil in nature. See RCW 46.70.270. In any event, the question of whether the conduct of Rainway which we hold imposes civil liability also imposes criminal liability is not before us.

Since we hold that insolvency is a ground for recovering on the bond, it is not necessary to pass upon whether there was a breach of warranty within the meaning of the act.

█ Appellant next assigns error to the granting of reasonable attorney's fees to respondents in this case. Part of the damages allowable under RCW 46.70.070 is reasonable attorney's fees. *Wells v. Aetna Ins. Co.,* 60 Wn.2d 880, 376 P.2d 644 (1962). See also Beale, *Damages,* 38 Wash. L. Rev. 328 (1963).

Judgment affirmed.

MUNSON, C.J., and GREEN, J., concur.