IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| FRANCIS CLARK and SHANNON HOERNER-CLARK, husband and wife, | ) ) ) | No. 30634-8-III |
| Appellants, | ) ) | |
| v. | ) ) | UNPUBLISHED OPINION |
| JR'S QUALITY CARS, INC., RUSS EDWARDS AND ASSOCIATES, INC.; VIROJ "LEE" RITDECHA, Salesperson, | ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| CAPITOL INDEMNITY CORPORATION, | ) ) ) | |
| Respondent. | ) | |

KULIK, J. — This case is before this court for the second time. In October 2007, Francis Clark and Shannon Hoerner-Clark (Clarks) purchased a Chrysler Sebring from JR'S Quality Cars (JR'S). JR'S holds a surety bond through Capitol Indemnity Corporation (Capitol). When the Sebring began to have mechanical problems, the Clarks

took it back to JR'S and purchased a truck. The Clarks used the Sebring for a down payment and the salesman agreed that JR'S would pay off the Clarks' loan on the Sebring. Later, the salesman told the Clarks that JR'S would not honor the contract. JR'S then wrote a second contract requiring the Clarks to pay the loan on the Sebring.

The Clarks filed this lawsuit against JR'S and Capitol. The trial court dismissed the Clarks' claims against JR'S. On appeal, this court held that the bushing statute, RCW 46.70.180(4)(a), did not apply and that the second contract was invalid because it lacked consideration. On remand, the trial court entered a judgment of $7,459.04 in favor of the Clarks and against JR'S. The court granted Capitol's motion to dismiss. This appeal follows. We affirm the trial court.

## FACTS

This dispute arose out of a conflict involving two contracts between the Clarks and JR'S. As required by RCW 46.70.070, JR'S holds a surety bond through Capitol.

In October 2007, the Clarks purchased a 2002 Chrysler Sebring from JR'S. A few months later, the Clarks experienced problems with the Sebring and went back to JR'S to purchase another vehicle. In March 2008, they signed a written sales agreement for a truck that provided for a gross trade-in allowance for the Sebring of $4,500, less the payoff due from JR'S in the amount of $4,300. The net trade-in was $200. Immediately

2

after signing the contract, JR'S salesman advised the Clarks that JR'S would not be paying off the balance due on the Sebring loan. Instead of backing out of the deal, one week later the Clarks returned to JR'S and signed a second contract for the purchase of the truck.

In November, the Clarks filed a summons and complaint against JR'S alleging (1) breach of contract, (2) unlawful acts and practices in violation of RCW 46.70.180, (3) violation of the Truth in Lending Act, 15 U.S.C. § 1640, and (4) a violation of the Consumer Protection Act, chapter 19.86 RCW. The Clarks' claims were dismissed at trial. The trial court entered findings and conclusions. The Clarks' motion for reconsideration was denied. The court dismissed all of the Clarks' claims, plus JR'S counterclaim.

The Clarks' filed a notice of appeal to this court. They claimed (1) that JR'S violated the bushing statute, RCW 46.70.180(4), and (2) that JR'S breached the first purchase and sale agreement. The Clarks did not raise any other violations of chapter 46.70 RCW.

In July 2011, this court issued an opinion concluding that there was no violation of the bushing statute. The court reversed and remanded for entry of a judgment because the second contract lacked consideration.

On remand, the trial court followed the directions from this court and entered a judgment of $7,459.04 for the Clarks and against JR'S. The court denied the Clarks' claim for attorney fees. Neither the Clarks nor JR'S appeals this part of the judgment. For its part, Capitol filed a motion to dismiss. The trial court granted this motion and dismissed the Clarks' claims against Capitol. The court concluded that chapter 46.70 RCW does not form a basis for relief for a breach of contract claim.

The Clarks now appeal for the second time. They argue that chapter 46.70 RCW does form a basis of relief for a breach of contract claim.

## ANALYSIS

*Chapter 46.70 RCW.* The Clarks argue that they have a claim against Capitol under chapter 46.70 RCW.

In Washington, the distribution, sale, and lease of vehicles is deemed to be of great public importance. As a result, an applicant seeking a vehicle dealer's license must post a surety bond as an assurance that the applicant shall "conduct his or her business in conformity with the provisions of [chapter 46.70 RCW]." RCW 46.70.070(1)(c). Significantly, RCW 46.70.070(1) states that liability under a bond shall be conditioned on violations of "this chapter." RCW 46.70.180 unambiguously provides the limited circumstances under which a claimant is to have recourse against the bond. Reading

4

RCW 46.70.070(1) and RCW 46.70.180 together, the meaning is clear, a bond does not cover acts or practices not specifically enumerated in RCW 46.70.180.

The Clarks assert that they are entitled to recovery against Capitol based on their breach of contract claim. However, they concede that a breach of contract claim is not specifically enumerated in RCW 46.70.180. The Clarks also concede that neither the trial court nor this court found that JR'S committed a specific violation of RCW 46.70.180. As a result, there is nothing to trigger liability under RCW 46.70.180.

The Clarks point out that the purpose of the bond is to provide security against the conduct of the dealer "to protect . . . the investments . . . of the citizens." RCW 46.70.005. The Clarks point to RCW 46.70.900, which reads:

> All provisions of [the] chapter shall be liberally construed to the end that deceptive practices or commission of fraud or misrepresentation in the sale, lease, barter, or disposition of vehicles in this state may be prohibited and prevented, and irresponsible, unreliable, or dishonest persons may be prevented from engaging in the business.

The Clarks argue that the number of specifically defined acts set forth in RCW 46.70.180 is not all inclusive. To support their position, they rely on *Franks v. Meyer*, 5 Wn. App. 476, 487 P.2d 632 (1971). In *Franks*, the court held that a violation of chapter 46.70 RCW occurred if an insolvent dealer took a deposit and then failed to deliver. *Id.* at 479-80. The court determined that the definition of "irresponsible" or

5

"unreliable" used in RCW 46.70.900 encompassed within its meaning an insolvent dealer who obtains a deposit from his customer and then is unable to deliver because of the insolvency. *Id.*

*Franks* is not helpful here because the Clarks concede that their alleged basis for recovery is a common law breach of contract claim. Moreover, in the first appeal, this court reversed and remanded in favor of the Clarks on their contract claim on the grounds that the undisputed facts demonstrated that there was no consideration for the second contract. Additionally, this court specifically held that there was no violation of the bushing statute, RCW 46.70.180. Significantly, no other violations of chapter 46.70 RCW were alleged in the complaint, litigated at trial, or made part of the first appeal. The decision of this court as to matters decided on appeal becomes the law of the case. *Saleemi v. Doctor's Assocs., Inc.*, 176 Wn.2d 368, 386, 292 P.3d 108 (2013).

The Clarks argue that any common law breach of contract claim triggers liability under Capitol's vehicle bond. This is a misreading of the statute. In some instances, a breach of contract may give rise to a violation of RCW 46.70.180, but that is only where the breach of contract is accompanied by one of the enumerated unlawful practices set forth in RCW 46.70.180. Here, the Clarks have failed to establish, and the courts have not found, that JR'S committed a violation of RCW 46.70.180. It is a well-established

6

rule of statutory construction that so long as a statute is unambiguous, a departure from its natural meaning is not justified by any consideration of public policy or the statute's consequences. *DeLong v. Parmelee*, 157 Wn. App. 119, 146, 236 P.3d 936 (2010) (quoting *State v. Miller*, 72 Wash. 154, 158, 129 P. 1100 (1913)), *remanded on other grounds by* 171 Wn.2d 1004, 248 P.3d 1042 (2011).

Finally, the Clarks want this court to amend RCW 46.70.180 to include breach of contract. But this is a matter for the legislature.

*Attorney Fees.* Both parties seek attorney fees. The Clarks are not awarded their attorney fees because they are not the prevailing party.

Capitol requests costs under RCW 4.84.250, RAP 18.1, and RAP 14.2, which allows a commissioner or clerk of the appellate court to award costs to "the party that substantially prevails on review, unless the appellate court directs otherwise in its decision terminating review." Capitol is the substantially prevailing party.

We affirm the trial court and award costs to Capitol.

No. 30634-8-III
*Clark v. JR 'S Quality Cars, Inc.*

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Kulik, J.

WE CONCUR:

_____         _____
Korsmo, C.J.                             Siddoway, J.