[No. 3579.  Decided February 20, 1901.]

THE STATE OF WASHINGTON, *Appellant,* v. ALFRED JOHNSON, *Respondent.*

CRIMINAL LAW — ORDER GRANTING NEW TRIAL — APPEAL BY STATE.
Under Bal. Code, § 6500, subd. 7, which provides that an appeal shall not be allowed to the state in any criminal action, except when the error complained of is in setting aside the indictment or information, or in arresting the judgment on the ground that the facts stated in the indictment or information do not constitute a crime, or in some other material error in law not affecting the acquittal of a prisoner on the merits, an order granting a new trial to the defendant would not be appealable on the part of the state.

Appeal from Superior Court, Spokane County.—Hon. E. D. BENSON, Judge.  Appeal dismissed.

*James Z. Moore,* Prosecuting Attorney, *Miles Poindexter* and *Horace Kimball,* for the State.

*Robertson & Miller,* for respondent:

If the right to appeal from an order granting a new trial is not given by the constitution or statute, it does not exist, for at common law there was none. *People v. Richmond,* 16 Colo. 274; *Sharpe v. Robertson,* 5 Grat. 518; *Norman v. Curry,* 27 Ark. 440; *Wadsworth v. Davis,* 63 N. C. 251; *People v. Corning,* 2 N. Y. 9 (49 Am. Dec. 364); *People v. Dill,* 2 Ill. 257.

The constitution (art. 4, § 4) vests in the supreme court appellate jurisdiction of all actions and proceedings, with certain exceptions. This does not confer the right to appeal in any and all cases without reference to legislation. Bal. Code, § 6500, defines the determinations from which an appeal may be had. That this is the interpretation placed by this court upon the constitutional provision above mentioned is apparent from many decisions, among which may be mentioned *Greene v. Williams,* 6 Wash. 260; *Armstrong v. Ford,* 10 Wash. 66; *Horton v. Barto,* 17 Wash. 675; *Embree v. McLennan,* 18 Wash. 652. See, also, *Ex parte Haughton,* 38 Ala. 570; *Titus v. Latimer,* 5 Tex. 433; *Houghton's Appeal,* 42 Cal. 35; *Dismukes v. Stokes,* 41 Miss. 430.

The declaration by the statute that the right of appeal shall exist in certain cases denies by implication the right of appeal in all other cases, and this although there be no express terms of negation. *Durousseau v. United States,* 6 Cranch, 312 (3 L. ed. 232); *Ex parte McCardle,* 7 Wall. 506 (19 L. ed. 264).

The rule is that unless there is some statute expressly allowing an appeal, no such right exists. *French v.*

*People,* 77 Ill. 532; *State v. Cole,* 39 La. An. 938; *People v. Trezza,* 128 N. Y. 529; *McGinnis v. Commonwealth,* 102 Pa. St. 66; *State v. Davenport,* 38 S. C. 348; *State v. Smith,* 49 Kan. 358; *State v. Jones,* 7 Ga. 422; *State v. Heisserer,* 83 Mo. 692; *State v. Hamilton,* 106 N. C. 660; *Carter v. State,* 4 Tex. App. 165; *People v. Swift,* 59 Mich. 541; *Commonwealth v. Dobbins,* 9 Bush, 1. And this doctrine has been applied in a number of the cases cited to appeals from motions granting a new trial. See, also, *Ketchum v. Dennis,* 41 Ala. 183; *Wallace v. Middlebrook,* 28 Conn. 464; *Evans v. Adams,* 12 Ga. 44; *J. W. Reedy Elevator Mfg. Co. v. Pitvowsky,* 35 Ill. App. 364.

The opinion of the court was delivered by

DUNBAR, J.—The respondent was indicted for perjury, was tried and convicted, but, upon the motion of his attorneys, the court granted him a new trial. From such order of the court the state appeals, and the respondent interposes a motion to dismiss on the ground that the order was not appealable. We think this motion must be sustained. At the common law an appeal would not lie from the ruling of a lower court in a criminal case on behalf of the state. It follows, then, that, if any right to appeal exists, it must be by constitution or by statute. While the constitution provides that the supreme court shall have appellate jurisdiction in all actions and proceedings, it does not undertake to confer the right of appeal in a particular case, but leaves such provisions to the discretion of the legislature, and the statute defines the determinations from which an appeal may be had. Section 6500, Bal. Code, recites the orders or judgments from which appeals may lie. The first six sub-sections of the act have reference specially to civil actions, and

the fact that an appeal is provided for in civil actions from an order granting a new trial and is not provided in sub-section 7, which deals with appeals in criminal cases, would seem to exclude the idea that the statute was intended to grant the right of appeal from an order granting a new trial in a criminal action under the rule announced by the maxim that the expression of one excludes the other. If there is any provision for an appeal at all, it must be found in the last part of sub-section 7, which provides that an appeal shall not be allowed to the state in any criminal action, except when the error complained of is in setting aside the indictment or information, or in arresting the judgment on the ground that the facts stated in the indictment or information do not constitute a crime, or in some other material error in law not affecting the acquittal of a prisoner on the merits. Plainly, this appeal does not fall within the first two propositions, nor do we think it is comprehended in the last. The granting of a new trial is not exclusively an error of law; for, at the most, it is a ruling of the court upon law and facts. The statute, then, not having provided, by express words or fair deduction, for an appeal from this order, the motion to dismiss will be sustained.

REAVIS, C. J., and FULLERTON and ANDERS, JJ., concur.