[No. 71803-2.   En Banc.]
Argued May 29, 2002.     Decided August 8, 2002.

THE STATE OF WASHINGTON, *Respondent*, v. A.M.R., *Petitioner*.
THE STATE OF WASHINGTON, *Respondent*, v. T.J.Z., *Petitioner*.

*Elaine L. Winters* (of *Washington Appellate Project*), for petitioners.

*Norm Maleng, Prosecuting Attorney,* and *Ann M. Summers, Robin E. Fox,* and *James M. Whisman, Deputies,* for respondent.

OWENS, J. — We are asked to decide two questions: may the State appeal restitution orders entered against two juvenile offenders; and, if so, are the crime victims' insurance companies "victims" entitled to restitution. The Court of Appeals answered both questions in the affirmative, and so do we.

## FACTS

A.M.R. pleaded guilty to vehicle prowl in the second degree and making a false statement to a public servant. The State requested the court to order restitution for the damage to the victim's vehicle. The State sought an award of $493.02, representing out-of-pocket costs to the victim of $100.00 and costs to the victim's insurer of $393.02. Based on the court's view that it was "empowered to take account of the ability of the juvenile to pay," it ordered restitution for only the victim's out-of-pocket costs. Report of Proceedings at 23.

T.J.Z. pleaded guilty to taking a motor vehicle without permission and attempting to elude a pursuing police vehicle. The court ordered restitution of $533.28, representing only the victim's out-of-pocket costs. The State objected to the court's failure to order restitution to the victim's insurer. The court said it was ordering only out-of-pocket costs to be consistent with common practice in juvenile cases.

The State appealed both cases. The Court of Appeals consolidated them. It reversed and remanded with instructions to the juvenile court to enter restitution orders for the insurers subject to proof of losses. *State v. A.M.R.*, 108 Wn. App. 9, 14, 27 P.3d 678 (2001). We granted the juveniles' petition for review and now affirm.

## ISSUES

(1) May the state appeal juvenile restitution orders?

(2) Are the victims' insurers entitled to restitution?

## ANALYSIS

## (1)

■■■ The jurisdiction of the Court of Appeals must be "provided by statute or by rules authorized by statute." CONST. art. IV, § 30(2). Juvenile proceedings in the superior courts fall under the Basic Juvenile Court Act, chapter 13.04 RCW. The key provision in this case is RCW 13.04.033(1):

> Any person aggrieved by a final order of the court may appeal the order as provided by this section. . . . Except as otherwise provided in this title, all appeals in matters related to the commission of a juvenile offense shall be taken in the same manner as criminal cases. . . .

This establishes a "basic right of appeal" in juvenile cases. *In re Pers. Restraint of Schellong*, 94 Wn.2d 314, 317, 616 P.2d 1233 (1980). The right extends to any "person" that is "aggrieved." Since neither term is defined by the Basic Juvenile Court Act, the court may turn to the common law or a dictionary. *State v. Pacheco*, 125 Wn.2d 150, 154, 882 P.2d 183 (1994).

The common law meaning of "person" includes "both natural and artificial persons, and therefore corporations." *In re Brazier Forest Prods., Inc.*, 106 Wn.2d 588, 595, 724 P.2d 970 (1986). *Black's Law Dictionary* 1162 (7th ed. 1999) defines "person" as "[a]n entity (such as a corporation) that is recognized by law as having the rights and duties of a human being." *Webster's Third New International Dictionary of the English Language* 1686 (1986) includes this legal sense (definition 6 of 9). Because the state is recognized as having rights and duties, it is a legal "person."

When the word "aggrieved" appears in a statute, it refers to " 'a denial of some personal or property right, legal or equitable, or the imposition upon a party of a burden or obligation.' " *Sheets v. Benevolent & Protective Order of Keglers*, 34 Wn.2d 851, 854-55, 210 P.2d 690 (1949) (quoting 4 C.J.S. *Appeal and Error* § 183b(1)). Two specifically enumerated purposes of the Juvenile Justice Act of 1977, chapter 13.40 RCW, are promoting accountability in juvenile offenders and providing restitution to crime victims. RCW 13.40.010(2)(c), (h). Restitution is a required psart of juvenile sentencing. RCW 13.40.190. Because of the State's interests in accountability and restitution in juvenile cases, it is "aggrieved" within the meaning of RCW 13.04.033(1) by an erroneous restitution order. This statute therefore allows the State to appeal. The procedure for prosecuting the appeal is the same as for criminal cases.

RCW 13.04.033(1) has no counterpart in adult criminal cases. Adult cases focus on whether an appeal by the State is specifically allowed by statute, court rule, or case law. Those cases turn to RCW 9.94A.585(2) and RAP 2.2(b)(6) allowing appeals of sentences "outside the standard range." *See State v. Williams*, 112 Wn. App. 171, 48 P.3d 354 (2002). They also deal with the prohibition against appealing standard range sentences in RCW 9.94A.585(1) and the "procedural" exception. *See State v. Mail*, 121 Wn.2d 707, 712, 854 P.2d 1042 (1993); *State v. Bernhard*, 108 Wn.2d 527, 530, 741 P.2d 1 (1987), *overruled in part on other grounds by State v. Shove*, 113 Wn.2d 83, 85, 776 P.2d 132 (1989). But since RCW 13.04.033(1) creates a general right to appeal in juvenile cases, we need not broach those issues here.

The breadth of the phrase "any person aggrieved" compels this conclusion despite the long American tradition disfavoring criminal appeals by the government. *State v. Johnson*, 24 Wash. 75, 77, 63 P. 1124 (1901). Prudential concerns, *Arizona v. Manypenny*, 451 U.S. 232, 246, 101 S. Ct. 1657, 68 L. Ed. 2d 58 (1981), and the humanity of the law require legislators to speak in a clear voice when giving

the government the right to appeal a criminal case. *United States v. Sanges*, 144 U.S. 310, 315-16, 12 S. Ct. 609, 36 L. Ed. 445 (1892) (citing *State v. Jones*, 7 Ga. 422, 425 (1849)). "Any person aggrieved" is sufficiently clear to allow the State to appeal.

(2)

■■ The next question is whether the juvenile court erred by ordering restitution for only out-of-pocket costs. Restitution is mandatory for juvenile offenses:

> In its dispositional order, the court shall require the respondent to make restitution to any persons who have suffered loss or damage as a result of the offense committed by the respondent. . . .

RCW 13.40.190(1). The statute uses the mandatory term "shall" to direct the court to order restitution. In 1997 the legislature deleted language from this statute that gave the court the sort of discretion it purported to exercise in this case:

> The court may not require the respondent to pay full or partial restitution if the respondent reasonably satisfies the court that he or she does not have the means to make full or partial restitution and could not reasonably acquire the means to pay such restitution over a ten-year period.

LAWS OF 1997, ch. 338, § 29(1). This sentence used the discretionary term "may." *See State v. Martin*, 137 Wn.2d 149, 154, 969 P.2d 450 (1999) ("shall" and "may" in same statute). Deleting this sentence removed the juvenile court's discretion to order only partial restitution based on ability to pay.

"[A]ny persons who have suffered loss" are entitled to restitution under RCW 13.40.190(1). In addition, "restitution" for purposes of the Juvenile Justice Act of 1977 is defined as "reimbursement by the offender to the victim." RCW 13.40.020(22). Thus, to be entitled to restitution one must be both a "person" and a "victim." Neither term is defined by the Juvenile Justice Act of 1977.

■ ■ *State v. Sanchez*, 73 Wn. App. 486, 488-90, 869 P.2d 1133 (1994), is exactly on point and held that an auto insurer is a "person" and a "victim" entitled to juvenile restitution. We have already mentioned the common law meaning of "person." *Sanchez* appropriately held that it includes insurance companies. *Id.* at 489. *Sanchez* also noted the term "victim" in the definition of "restitution." *Id.* at 488. A.M.R. and T.J.Z. contend that the ordinary meaning of "victim" does not include third party victims. We have held that third parties may be "victims" under the Sentencing Reform Act of 1981, chapter 9.94A RCW. *State v. Davison*, 116 Wn.2d 917, 920-21, 809 P.2d 1374 (1991) (City of Seattle a "victim" where city paid wages to assault victim unable to work for four months). The statutory definition was: " 'any person who has sustained physical or financial injury to person or property as a direct result of the crime charged.' " *Id.* (quoting former RCW 9.94A.030(28) (Supp. 1988)). However, the same word can mean different things in different statutes. *Int'l Ass'n of Fire Fighters, Local 46 v. City of Everett*, 146 Wn.2d 29, 39-40, 42 P.3d 1265 (2002).

Dictionaries do not qualify the term "victim" as A.M.R. and T.J.Z. suggest. The definition quoted in their brief defines the word as " 'a person who is injured . . . as the result of an occurrence.' " Pet'rs' Suppl. Br. at 15 (quoting OXFORD AMERICAN DICTIONARY 773 (1980)). Unlike the statutory definition in *Davison*, this one is not limited to "physical" or "financial" injuries, nor to "direct" results of "crimes charged." This definition includes any "injury" that "results" in any way from any "occurrence." Similarly broad definitions are found in other dictionaries, including *Webster's Third New International Dictionary of the English Language* (1986) and *The American Heritage Dictionary of the English Language* (3d ed. 1992). The insurance companies are "victims" entitled to restitution.

## CONCLUSION

Because the Basic Juvenile Court Act provides that "any person aggrieved" may appeal, we hold that the State may

appeal these juvenile restitution orders, and that restitution must be made to "any persons who have suffered loss." We affirm the Court of Appeals, and remand the cases to the juvenile court with instructions to enter restitution orders consistent with this opinion, subject to sufficient proof of loss.

ALEXANDER, C.J., and SMITH, JOHNSON, MADSEN, SANDERS, IRELAND, BRIDGE, and CHAMBERS, JJ., concur.