IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 73840-2-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| DYANI R. ALLEN, | ) | |
| B.D. 08/22/98, | ) | |
| | ) | |
| Appellant. | ) | FILED: September 26, 2016 |

SCHINDLER, J. — Dyani R. Allen pleaded guilty in juvenile court to robbery in the

second degree and possession of a stolen vehicle. Allen challenges imposition of

restitution, the victim penalty assessment, and the statutory minimum fine for

possession of a stolen vehicle. We affirm.

The State charged 16-year-old Dyani R. Allen with robbery in the second degree

and possession of a stolen vehicle. The State alleged Allen and two other individuals

participated in an armed carjacking on April 13, 2015 and Allen was arrested while

driving the stolen vehicle on April 14, 2015. Allen entered a guilty plea to both charges.

Allen stipulated she had an offender score of 1. Allen agreed to "pay restitution in full to

all victims" in an amount to be determined at a later date.[1]

---

[1] Emphasis in original.

At the disposition hearing, the juvenile court entered an order imposing the $100 victim penalty assessment under former RCW 7.68.035(1)(b) (2011),[2] the minimum statutory fine of $400 under former RCW 13.40.308(2)(b) (2009)[3] for possession of a stolen vehicle, and restitution under RCW 13.40.190(1)(a) in an amount to be determined at a later hearing. The court ordered that "[a]ll financial obligations will be paid at 50% of earnings while at JRA[4] with the first payment of $5 due 30 days after release."

Before the restitution hearing, Allen filed a motion opposing the imposition of "all LFOs,[5] including restitution and other mandatory LFOs." The court rejected Allen's argument that State v. Blazina, 182 Wn.2d 827, 344 P.3d 680 (2015), required the court to consider her current and future ability to pay the mandatory legal financial obligations but nonetheless was "perfectly happy to make an individualized finding." The court found that Allen "not only has the capability, but was ordered to pay 50% of her . . . earnings while at JRA to restitution, to . . . financial obligations." The court stated, "I cannot find that she has no future ability to pay, because she's only sixteen. And, she certainly has the ability to pay some now from where she is." The court entered an order denying the motion to "eliminate or reduce non-discretionary LFO's" and ruled that "any individual inquiry is not yet ripe before the Court." The court continued the restitution hearing until after the effective date of the amendments to RCW 13.40.190(1)(f) that allowed the court to divide the total amount of restitution equally

---

[2] LAWS OF 2011, ch. 336, § 246.
[3] LAWS OF 2009, ch. 454, § 4.
[4] Juvenile Rehabilitation Administration.
[5] Legal financial obligations.

rather than impose joint and several lability for the full amount.[6] The court entered an order to pay restitution of $1,757.93, one-third of the full restitution amount. Allen appeals.

Allen relies on Blazina to argue the juvenile court erred in imposing restitution, the victim penalty assessment, and the statutory minimum fine for possession of a stolen vehicle without considering her ability to pay. Blazina does not support Allen's argument. The court in Blazina did not address imposition of mandatory fees. The court held RCW 10.01.160(3) requires the sentencing court to make an individualized inquiry into a defendant's ability to pay discretionary legal financial obligations. Blazina, 182 Wn.2d at 837-38.

The imposition of restitution, the victim penalty assessment, and the statutory minimum fine for possession of a stolen vehicle are mandatory. RCW 13.40.190(1)(a) states, "In its dispositional order, the court shall require the respondent to make restitution to any persons who have suffered loss or damage as a result of the offense committed by the respondent."[7] See also State v. A.M.R., 147 Wn.2d 91, 96, 51 P.3d 790 (2002) ("Restitution is mandatory for juvenile offenses."). Former RCW 7.68.035(1)(b) states that "[w]hen any juvenile is adjudicated of any offense in any juvenile offense disposition under Title 13 RCW, . . . there shall be imposed upon the

---

[6] The legislature amended RCW 13.40.190(1)(f) in 2015. LAWS OF 2015, ch. 265, § 6. As amended, RCW 13.40.190(1)(f) states:

If the respondent participated in the crime with another person or other persons, the court may either order joint and several restitution or may divide restitution equally among the respondents. In determining whether restitution should be joint and several or equally divided, the court shall consider the interest and circumstances of the victim or victims, the circumstances of the respondents, and the interest of justice.

[7] Emphasis added.

juvenile offender a penalty assessment."[8] The assessment "shall be one hundred dollars for each case or cause of action that includes one or more adjudications for a felony." Former RCW 7.68.035(1)(b).[9]

The legislature established mandatory minimum sentences for juveniles adjudicated of possession of a stolen vehicle and a mandatory $400 fine. LAWS OF 2007, ch. 199, § 15. Former RCW 13.40.308(2) provides, in pertinent part:

> If a respondent is adjudicated of . . . possession of a stolen vehicle as defined under RCW 9A.56.068, the court shall impose the following minimum sentence, in addition to any restitution the court may order payable to the victim:
>
> . . . .
>
> (b) Juveniles with a prior criminal history score of three-quarters to one and one-half points shall be sentenced to a standard range sentence that includes no less than six months of community supervision, no less than ten days of detention, ninety hours of community restitution, and a four hundred dollar fine.[10]

Unlike discretionary legal financial obligations, the legislature unequivocally requires imposition of mandatory legal financial obligations without regard to finding the ability to pay. State v. Shelton, No. 72848-2, 2016 WL 3461164, at *6 (Wash. Ct. App. June 20, 2016); see State v. Lundy, 176 Wn. App. 96, 102, 308 P.3d 755 (2013).

For the first time on appeal, Allen asserts imposition of restitution, the victim penalty assessment, and the statutory minimum fine for possession of a stolen vehicle without considering her ability to pay violates equal protection and substantive due process. Because nothing in the record indicates the State has attempted to enforce the mandatory financial obligations or impose sanctions for failure to pay, Allen's

---

[8] Emphasis added.

[9] Emphasis added.

[10] Emphasis added.

constitutional challenge is not ripe for judicial review and is not a manifest constitutional error subject to review under RAP 2.5(a)(3).  Shelton, 2016 WL 3461164, at *6-*7.

Allen also relies on GR 34 to argue the court erred in imposing the mandatory legal financial obligations without considering her ability to pay.  In State v. Mathers, 193 Wn. App. 913, 923-24, ___ P.3d ___ (2016), we considered and rejected the same argument.

We affirm entry of the order of disposition.

WE CONCUR: