IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |
|---|---|
| STATE OF WASHINGTON,<br><br>    Respondent,<br><br>  v.<br><br>D.L.W.,<br><br>    Appellant. | No. 79286-5-I<br><br>DIVISION ONE<br><br>PUBLISHED OPINION |

SMITH, J. — When D.L.W. was 17 years old, he shot and injured two people. He later pleaded guilty in adult court to two counts of second degree assault, one with a firearm enhancement. In his plea agreement, D.L.W. agreed to pay restitution in full under the adult restitution statute, RCW 9.94A.753. At the restitution hearing, the trial court ordered D.L.W. to pay restitution to one of the victim's medical insurers in the amount requested by the insurer. In doing so, the trial court rejected D.L.W.'s argument that because D.L.W. was a juvenile when the offenses occurred and because the payment was to an insurer, the court had discretion to order restitution in an amount less than that requested.

As an initial matter, we conclude that D.L.W. did not breach his plea agreement when he requested that the trial court exercise its discretion to order a restitution amount less than that requested by the insurer. As to the merits, we hold that a trial court has discretion to consider the defendant's status as a juvenile and the payee's status as an insurer when it determines the restitution amount. We therefore conclude that the trial court erred when it relied on State

Citations and pin cites are based on the Westlaw online version of the cited material.

v. A.M.R., 147 Wn.2d 91, 51 P.3d 790 (2002), and State v. R.G.P., 175 Wn. App. 131, 302 P.3d 885 (2013), for the proposition that it had no discretion to order restitution in an amount less than that requested by the insurer.  We remand to the trial court to conduct a restitution hearing consistent with this opinion.

FACTS

On May 26, 2017, 17-year-old D.L.W. shot and injured Kentrel Adams and Emmery Porter.  The State originally charged D.L.W. with two counts of first degree assault; both counts included a firearm enhancement.  Because the charges involved serious violent crimes, the State charged D.L.W. in adult court.  After extensive negotiations, D.L.W. pleaded guilty to two counts of second degree assault with a firearm enhancement on one count pursuant to the State's amended information.

As part of his plea agreement, D.L.W. agreed to "pay restitution in full to the victim(s) on charged counts" pursuant to RCW 9.94A.753 "in an amount TBD."  D.L.W.'s signed statement on the plea of guilty acknowledged that "the judge will order [him] to make restitution, unless extraordinary circumstances exist which make restitution inappropriate."  D.L.W. also agreed that if he "violate[d] any . . . provision of [the plea] agreement, the State may either recommend a more severe sentence, file additional or greater charges, or re-file charges that were dismissed."  The court accepted D.L.W.'s guilty plea and sentenced him to 53 months' confinement, community custody, and a financial obligation of $600 plus restitution.  The court set a hearing date to determine the

restitution amount.

Prior to the restitution hearing, Optum, an insurance claim collector for Amerigroup Washington, sought $44,728.61 in restitution for Adams' medical expenses. At the hearing, D.L.W. asked the court to take his youthfulness into account in determining the restitution amount. He agreed to pay restitution and "want[ed] to be held accountable and responsible" for his actions. But he argued that the agreement to pay restitution to be determined left "room . . . to argue some of the equities in this situation" and that "[i]n juvenile court, there's a statute that children don't have to pay restitution to insurance companies." D.L.W. explained that on that basis, he "would like the Court to take into consideration his youthfulness and how he's going to be starting out in life when he does transition back into society." D.L.W. confirmed that he was making an argument "on the equities based on the restitution statute" for a "reduction in the amount" of restitution owed.

The court ordered restitution in the full amount requested by Optum. In an addendum to the court's order on restitution, the trial court noted D.L.W.'s request for the "[c]ourt to consider lowering the amount of restitution based on RCW 13.40.190." But it concluded it had no such discretion:

> This Court is bound by State v. A.M.R., 147 Wn. 2d 91, 96 (2002), and State v. R.G.P., 175 Wn. App. 131 (2013). These authorities hold that restitution is mandatory and that the trial court does not have discretion to consider ability to pay. While this Court recognizes the significant amount sought in this matter, $44,728.61, this Court lacks discretion to lower it.

Thereafter, the court found D.L.W. indigent. D.L.W. appeals.

3

ANALYSIS

D.L.W. contends that the trial court had discretion to order restitution in an amount less than the full amount requested by Optum and that the trial court erred by concluding otherwise. The State counters that the trial court did not have discretion to order a lower restitution amount and that by requesting a lower amount, D.L.W. breached the plea agreement. We agree with D.L.W.

A "plea agreement is a contract between the State and defendant, where the State agrees to recommend a specific sentence in exchange for the defendant's guilty plea." State v. Wiatt, 11 Wn. App. 2d 107, 111, 455 P.3d 1176 (2019), review denied, 195 Wn.2d 1019 (2020). If either party "breaches the plea agreement, the nonbreaching party may either rescind or specifically enforce it." Wiatt, 11 Wn. App. 2d at 111. "A reviewing court applies an objective standard to determine whether [a party] breached a plea agreement." State v. MacDonald, 183 Wn.2d 1, 8, 346 P.3d 748 (2015).

Here, D.L.W. agreed to pay restitution in full to the victims in an amount to be determined by the trial court. He did not waive his right to argue that the trial court had discretion to order less than the entire amount of restitution requested. To this end, a defendant does not waive his right to counsel by entering into a plea agreement, and D.L.W.'s counsel was entitled to argue in his best interest. Furthermore, the plea agreement is, at best, ambiguous with regard to whether payment "in full" refers to the full amount requested by the victims or victims' insurers to the full amount *ordered* by the court. And ambiguities in a plea agreement are construed against the State. State v. Bisson, 156 Wn.2d 507,

4

521-22, 130 P.3d 820 (2006). Thus, we conclude that D.L.W. did not breach the plea agreement by arguing that the trial court had discretion to order an amount lower than that requested.

Because the plea agreement stated that D.L.W. agreed to pay restitution based on the adult statute, RCW 9.94A.753, the State contends that D.L.W. breached the agreement when he argued that "the trial court should have reduced his restitution obligations under the authority granted under RCW 13.40.190."[1] But D.L.W. did not and does not make this argument. Rather, D.L.W. argued below and asserts on appeal that the trial court had discretion to reduce the amount of restitution based on D.L.W.'s status as a juvenile. D.L.W. further argued that the court should consider—not apply—the juvenile statute, RCW 13.40.190, in determining the amount of restitution owed. Therefore, we are not persuaded by the State's argument.

Having concluded that D.L.W. did not breach the plea agreement, we next address the merits of D.L.W.'s argument. D.L.W. contends that the trial court had discretion to consider his status as a juvenile and the requester's status as an insurer when it calculated restitution. We agree for three reasons and hold that the trial court has discretion to order a juvenile to pay restitution in an amount less than that requested by an insurer.

---

[1] RCW 13.40.190(g) provides, "At any time, the court may determine that the respondent is not required to pay, or may relieve the respondent of the requirement to pay, full or partial restitution to any insurance provider authorized under Title 48 RCW if the respondent reasonably satisfies the court that he or she does not have the means to make full or partial restitution to the insurance provider."

First, discretion is inherent in the adult statute, RCW 9.94A.753. The extent of the trial court's discretion under that statute is a question of statutory interpretation, which we review de novo. See, e.g., State v. J.A., 105 Wn. App. 879, 884-85, 20 P.3d 487 (2001) (reviewing de novo whether the juvenile court had discretion under the Juvenile Justice Act of 1977, ch. 13.40 RCW). Under RCW 9.94A.753(5), "[r]estitution shall be ordered whenever the offender is convicted of an offense which results in injury to any person." The court does not have discretion to impose *zero* restitution "unless extraordinary circumstances exist which make restitution inappropriate in the court's judgment and the court sets forth such circumstances in the record." RCW 9.94A.753(5). And "the court shall determine the amount of restitution due" within the specified time frame, "tak[ing] into consideration the total amount of the restitution owed, the offender's present, past, and future ability to pay." RCW 9.94A.753(1).

In short, under RCW 9.94A.753, the trial court must impose restitution, but it has discretion to determine the amount. See State v. Kinneman, 155 Wn.2d 272, 284, 119 P.3d 350 (2005) ("'[T]he amount of restitution ordered is at the discretion of the trial court.'" (alteration in original) (quoting State v. Kinneman, 122 Wn. App. 850, 859, 95 P.3d 1277 (2004))). Specifically, "the plain language of the restitution statute allows the trial judge to order restitution ranging from zero in extraordinary circumstances, up to double the offender's gain or the victim's loss." State v. Tobin, 161 Wn.2d 517, 524, 166 P.3d 1167 (2007); RCW 9.94A.753(3). And the statute does not bar the court's consideration of the defendant's age at the time of the incident or the payee's status as an insurer.

6

Accordingly, the court may consider D.L.W.'s youthfulness and the fact that

D.L.W. would be paying restitution to an insurer as general considerations or

extraordinary circumstances and may order restitution in an amount less than

that requested by Optum.

Second, we recognize what has always been true, that children are

different.  To this end, State v. Houston-Sconiers is instructive.  188 Wn.2d 1,

391 P.3d 409 (2017).  There, two teenagers on Halloween, "robbed mainly other

groups of children, and they netted mainly candy."  Houston-Sconiers, 188

Wn.2d at 8.  However, the juveniles were charged in adult court based on the

seriousness of their offenses.  Houston-Sconiers, 188 Wn.2d at 8.  The trial court

sentenced both juveniles to zero months on each substantive crime for which

they were charged.  Houston-Sconiers, 188 Wn.2d at 13.  But because the

juveniles' sentences were subject to mandatory sentence enhancements, their

sentences were 26 and 31 years.  Houston-Sconiers, 188 Wn.2d at 13.  Our

Supreme Court held that

> sentencing courts must have complete discretion to consider
> mitigating circumstances associated with the youth of any juvenile
> defendant, even in the adult criminal justice system, regardless of
> whether the juvenile is there following a decline hearing or not.  To
> the extent our state statutes have been interpreted to bar such
> discretion with regard to juveniles, they are overruled*.  Trial courts
> must consider mitigating qualities of youth at sentencing* and must
> have discretion to impose any sentence below the otherwise
> applicable [Sentence Reform Act of 1984, ch. 9.94A RCW,] range
> and/or sentence enhancements.

Houston-Sconiers, 188 Wn.2d at 21 (emphasis added) (footnote omitted).

Although the aspect of the sentence at issue in Houston-Sconiers was its

length, Houston-Sconiers' directive that trial courts "must consider mitigating

7

qualities of youth at sentencing" is not limited to a sentence's length because "the Eighth Amendment to the United States Constitution compels us to recognize that *children are different*." See 188 Wn.2d at 18, 21 (emphasis added). And while D.L.W. does not argue that the restitution ordered in his case implicates Eighth Amendment principles, "[o]ur legislature has . . . demonstrated its 'ongoing concern for juvenile justice issues,'" and our Supreme Court has consistently "recognize[d] that children warrant special protections in sentencing." State v. Bassett, 192 Wn.2d 67, 81, 428 P.3d 343 (2018) (quoting State v. Ramos, 187 Wn.2d 420, 446, 387 P.3d 650 (2017)). Therefore, the trial court has discretion to consider the mitigating qualities of youth in ordering restitution, a sentencing decision.

Third and finally, the legislature has evidenced an intent to treat juveniles' restitution obligations to insurers differently than restitution obligations owed to *persons* who have suffered loss or damage. In 2004, the legislature amended RCW 13.40.190 to give juvenile courts discretion not to impose restitution in favor of insurers.[2] Specifically, the legislature added subsection (g), which provides that a juvenile court has discretion to reduce or eliminate restitution when it is sought by an insurer, "if the respondent reasonably satisfies the court that [they do] not have the means to make full or partial restitution to the insurance provider." RCW 13.40.190(1)(g). In short, while the statute provides the juvenile court no discretion in imposing restitution owed to *persons* who have suffered loss or damage, it provides the juvenile court discretion to reduce or

---

[2] See LAWS OF 2004, ch. 120, § 6.

8

eliminate restitution to insurance providers. For these reasons, the trial court erred in concluding it had no discretion to order restitution in an amount less than that requested by Optum.

The State disagrees and contends that both A.M.R. and R.G.P. "confirm that sentencing courts must apply mandatory statutory language governing restitution even as to crimes committed by someone who is a juvenile, even as to payment to insurance companies . . . , and even when the juvenile asserts an inability to pay." Similarly, the trial court concluded that A.M.R. and R.G.P. "hold that restitution is mandatory and that the trial court does not have discretion to consider ability to pay." But the State's reliance on A.M.R. and R.G.P. is misplaced, as was the trial court's.

In A.M.R., the State charged one juvenile in juvenile court with vehicle prowl and another with taking a motor vehicle without permission. 147 Wn.2d at 93. The separate crimes both resulted in damage to the victims' vehicles. A.M.R., 147 Wn.2d at 93. The juvenile court determined that the juvenile defendants were required to pay only the victims' out-of-pocket expenses and subtracted the victims' insurance providers' expenses from the requested restitution. A.M.R., 147 Wn.2d at 93. Relying on a prior version of the juvenile restitution statute, our Supreme Court held that the juvenile courts lacked the discretion to reduce the amount of restitution because insurance companies are "victims" and because the mandatory language of the statute required a juvenile defendant to pay restitution to all victims of their crimes. A.M.R., 147 Wn.2d at 97-98.

9

In R.G.P., 17-year-old R.G.P. stabbed Nathan Martinez. 175 Wn. App. at 132-33. Martinez received medical treatment for his injuries, but neither Martinez nor his father had medical insurance. R.G.P., 175 Wn. App. at 133. R.G.P. pleaded guilty in juvenile court to one count of third degree assault. R.G.P., 175 Wn. App. at 133. At the restitution hearing months later, R.G.P. asserted that the court "'is to take into consideration the offender's present, past, and future ability to pay.'" R.G.P., 175 Wn. App. at 134. The trial court reduced the restitution amount to less than 10 percent of Martinez's medical bills based on R.G.P.'s ability to pay. R.G.P., 175 Wn. App. at 134-35. On appeal, we applied A.M.R. and held that restitution to a *person* who has suffered loss or damage is mandatory under RCW 13.40.190(1). R.G.P., 175 Wn. App. at 137-38. We explained, "The legislature clearly intended to divest courts of the discretion to reduce restitution based on a juvenile defendant's ability to pay when it amended the Juvenile Justice Act of 1977." R.G.P., 175 Wn. App. at 138. Therefore, we vacated the restitution award and remanded "to the trial court to consider the restitution award without regard to RGP's ability to pay." R.G.P., 175 Wn. App. at 139.

These cases do not control here. Neither case applies RCW 9.94A.753, which is the adult sentencing statute at issue. Furthermore, R.G.P. is readily distinguishable because it involved restitution to an individual victim, not an insurer-victim. And to that end, A.M.R. was decided before the legislature's amendment discussed above. For these reasons, the trial court erred by relying on A.M.R. and R.G.P. to conclude that it had no discretion to order restitution in

an amount less than that requested by an insurer.

In short, because (1) a trial court has discretion to determine the amount of restitution owed, (2) "children are different," and (3) the legislature has demonstrated an intent to treat juveniles' restitution obligations to insurers differently than their restitution obligations to other victims, we conclude that an adult court sentencing a juvenile has discretion to consider the defendant's youthfulness when it determines the amount of restitution owed to an insurer.[3] We remand to the trial court to conduct a new restitution hearing consistent with this opinion.

_____

WE CONCUR:

_____   _____

---

[3] D.L.W. also asserts that State v. Blazina, 182 Wn.2d 827, 344 P.3d 680 (2015), applies. We disagree; Blazina is inapplicable and not persuasive. In Blazina, our Supreme Court interpreted RCW 10.01.160(3). 182 Wn.2d at 837-38. That statute is not at issue here and does not address whether an indigent defendant is required to pay restitution.