# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,

        Respondent,

        v.

J.C.S.,

        Appellant.

No. 87396-2-I

DIVISION ONE

UNPUBLISHED OPINION

BIRK, J. — J.C.S. pleaded guilty to assault in the fourth degree (sexual motivation). For the first time on appeal, he argues the juvenile court erred in ordering restitution because the State did not show a causal connection between A.M.W.'s examination costs and his charge. We decline to review J.C.S.'s argument not raised in the trial court and affirm.

I

The State charged J.C.S. with rape in the third degree and voyeurism in the third degree, alleging acts committed against A.M.W. from July 2021 through July 2022. After negotiation between the State and J.C.S., the State amended the charge to assault in the fourth degree with a sexual motivation designation.

On August 19, 2024, J.C.S. pleaded guilty to the amended charge. The court entered a special sexual offender disposition order and suspended a sentence of 30 days of confinement. The court's disposition order included a no-contact order protecting A.M.W. and noting her birthdate. J.C.S. pleaded guilty to

the charge stated "in the amended information." Both J.C.S.'s statement of respondent on plea of guilty and the amended information identified the charged act as one occurring on or about July 24, 2021, against A.M.W., and listed A.M.W.'s birthdate. J.C.S.'s statement was, "on 7/21/2021, in [S]nohomish [C]ounty WA, I did intentionally assault another with the purpose of sexual gratification."

Further, J.C.S. stated, "In addition to the statement above, I agree that the court may review the Affidavit of Probable Cause previously filed in this case to establish a factual basis for my plea." According to the affidavit of probable cause, police responded on November 14, 2022, to a report of sexual assault. A.M.W. reported that J.C.S. had committed an act of sexual assault against her in July 2021, among other acts of sexual assault in subsequent months. On November 23, 2022, A.M.W. participated in a child forensic interview. On December 2, 2022, A.M.W. participated in a Sexual Assault Nurse Examination (SANE).

Before a restitution hearing, the parties submitted briefing on whether the crime victims' compensation act (CVCA), chapter 7.68 RCW, requires a SANE to be paid by the State.[1] The State argued the CVCA does not allow a court to waive restitution if the State pays for a SANE. J.C.S. acknowledged that the State had provided his counsel with a proposed restitution order "requiring [J.C.S.] to pay

---

[1] "No costs incurred by a hospital or other emergency medical facility in Washington for the examination of the victim of a sexual assault, whether such assault occurred in or outside the state of Washington, when such examination is performed for the purposes of gathering evidence for possible prosecution, shall be billed or charged directly or indirectly to the victim of such assault. Such costs shall be paid by the state pursuant to this chapter." RCW 7.68.170.

restitution to Labor & Industries Crime Victim Compensation for $1,088.64," and that "[t]hese are costs related to the victim's visit to Providence Regional for a SANE exam." J.C.S. argued that the charges should have been submitted to the victim's private insurance coverage. The State attached a Crime Victim's Compensation Program (CVCP) cost ledger to its briefing. The ledger corresponded with the cause number of J.C.S.'s case,[2] his name, and victim "[A.W.]" It reflects charges for a sexual assault examination occurring on December 2, 2022, and shows the total amount paid as $1,088.64.

On October 11, 2024, the court heard from both parties whether it could impose restitution. J.C.S. argued the State was required to pay for sexual assault examinations and that payment was not a benefit to the victim. The State argued A.M.W. was entitled to benefits because the CVCP "covers the costs associated with sexual assault examinations." The court ordered restitution in the amount of $1,088.64 to be paid to the Department of Labor & Industries' (L&I) CVCP.

J.C.S. appeals.

II

J.C.S. argues the State presented insufficient evidence to establish the claimed restitution was causally related to the crime to which J.C.S. pleaded guilty. The State argues J.C.S. failed to preserve this issue because J.C.S. did not make this objection in the trial court. We agree with the State.

---

[2] The cause number in superior court was No. 22-8-00287-31, and the "Cause Id" listed on the ledger was 22-8-00287-5 (31). The cause ID reflects the case number in the two systems used by the courts: Judicial Information System (JIS) and Odyssey. Odyssey designates Snohomish County as "31."

"The appellate court may refuse to review any claim of error which was not raised in the trial court." RAP 2.5(a). J.C.S. appears to acknowledge he is presenting a new issue for the first time on review in that he acknowledges his trial counsel argued "the State should have first sought repayment from the victim's medical insurance"—not an articulation of his causation objection raised before this court. Despite this, J.C.S. neither cites RAP 2.5(a) nor makes any effort to show that his claim of error falls within the parameters of the rule. And J.C.S. has declined to present a reply brief responding to the State's contention that the issue is not reviewable.

This court has held that a challenge to the causal connection between the underlying charge and the restitution ordered may not be raised for the first time on review under RAP 2.5(a). See State v. Anderson, 9 Wn. App. 2d 430, 453-54, 447 P.3d 176 (2019), vacated in part on other grounds on remand, No. 76672-4-I, (Wash. Ct. App. June 6, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/766724.pdf. To the extent Anderson suggests the possibility of an exception to this principle in cases where restitution is ordered "for damages clearly not related to the crime," id., such an exception would not apply here, where J.C.S. does not dispute the general proposition that charges for a SANE examination are a result of a sexual assault crime. This is bolstered by statutory authority directing that the CVCP bear the expense and it may not be charged "directly or indirectly" to the victim. RCW 7.68.170. Had J.C.S. objected to causation in the trial court—instead of appearing to concede the relationship between the criminal charge and the expense—the State would have had the

4

opportunity to meet the issue when it was challenged. Allowing J.C.S. to object to causation for the first time on review would allow him to do so after the State's opportunity to present evidence on the issue had passed. Under Anderson, J.C.S. waived his objection to causation.

If we were to reach the issue, J.C.S. does not appear to have presented grounds for reversal. "Restitution is a required part of juvenile sentencing." State v. A.M.R., 147 Wn.2d 91, 95, 51 P.3d 790 (2002). "[T]he court shall order restitution in all cases where the victim is entitled to benefits under the [CVCA]." RCW 13.40.190(2). The CVCA provides that "[e]ach victim injured as a result of a criminal act . . . [is] eligible for benefits." RCW 7.68.070(1). The CVCA includes provisions permitting administrative review when an aggrieved party believes L&I has made an error in the payment of benefits. E.g. RCW 7.68.125(1)(b).

In the adult felony context, the Supreme Court has signaled that similar language requiring courts to impose restitution in amounts paid under the CVCA means that the court must impose restitution for such amounts, and that challenges to the amount of payment must be brought in the administrative context. State v. Morgan, 4 Wn.3d 261, 263, 277-78, 562 P.3d 360 (2025).[3] Here, the basis for the expenses for the SANE examination are clear from the record before the trial court, J.C.S. never administratively challenged the department's assessment of the costs of the SANE examination, and J.C.S. did not dispute causation at the restitution hearing. The language of RCW 13.40.190(2) similar to

---

[3] In addition to its arising in the adult felony context, we also recognize that the defendant in Morgan did not contest causation. 4 Wn.3d at 264.

5

that considered in <u>Morgan</u> likely required the court to impose restitution in the amount the department had paid. <u>Cf.</u> <u>State v. McCarthy</u>, 178 Wn. App. 290, 300-01, 313 P.3d 1247 (2013) (under RCW 9.94A.753(7), "the trial court did not need to independently find a direct causal relationship between the conviction and the restitution ordered.").

Because J.C.S. did not raise his objection to causation of the restitution costs in the trial court, he cannot raise it for the first time in this court.

Affirmed.

_Birk, J._

WE CONCUR:

_Coburn, J._            _Mann, J._