IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 40683-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| MICHAEL JOSHUA BERGGREN, JR., | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Michael Berggren appeals after a jury convicted him of one count of child molestation in the first degree, one count of child rape in the first degree, and two counts of child rape in the second degree. He argues he was denied his right to a fair trial because three implicitly biased jurors served on his jury. He also argues that one community custody condition is unconstitutionally vague, while three others must be struck because they are not crime related.

We decline to address Berggren's fair trial argument, premised on a statutory right, because Berggren did not raise that argument to the trial court. We remand for the trial court to modify one challenged community custody condition and to strike the other three to the extent one or more of them are not crime related.

FACTS

The State charged Michael Berggren with one count of child molestation in the first degree, one count of child rape in the first degree, and two counts of child rape in the second degree. Prior to trial, juror questionnaires revealed that 11 mandatory reporters were on the venire jury. Relevant here is the voir dire of venire jurors 21, 28, and 52, the three mandatory reporters who were seated on the jury.

Juror 21 was a licensed mental health counselor. During voir dire, she said she had family members who may have been abused. She also mentioned that her job provided her familiarity with court processes. Defense counsel asked if her experience with the court system predisposed her one way or the other. She responded that her job did not affect her impartiality and added that it helped her to be more discerning of the facts.

Juror 28 was an employee of a juvenile detention facility. During voir dire, she explained that someone falsely reported that she (juror 28) had been groped by a juvenile, and her employer had to investigate the report. Defense counsel asked if that experience would affect her ability to hear the evidence and make decisions on it. She answered that it did not and explained that the "[s]ystem worked" because she had been cleared of the false report. Rep. of Proc. (Mar. 13, 2024) at 79.

2

Juror 52 was a school nurse who worked with Child Protective Services on cases that had been reported to her. During voir dire, she said she also had a family member who had been accused of a child sex crime. Both the court and the prosecutor asked her whether her life experiences would affect her ability to be impartial. Juror 52 answered they would not and explained that her experiences caused her to understand the importance of being impartial.

The court allowed Berggren and the State eight peremptory challenges each. Berggren used all of his peremptory challenges, two of which removed mandatory reporters. The State used six of its peremptory challenges, three of which removed mandatory reporters.

At trial, no evidence was presented that drugs or alcohol were involved in the crimes. The jury convicted Berggren of all four counts.

At sentencing, the trial court imposed 26 community custody conditions including:

> 15) That you do not reside where minor females are residing, nor stay the night on premises where minor females are also staying the night without permission of the CCO[1] and therapist.
> . . . .
> 21) That you do not purchase or possess items used for the consumption of marijuana.
> . . . .

---

[1] Community corrections officer.

23) That you obtain a substance use disorder evaluation and follow all recommendations. If treatment is recommended, that you successfully complete.
24) Do not enter any establishment where the primary source of revenue is derived from the sale of alcohol, such as bars, taverns and lounges.

Clerk's Papers at 425-26.

Berggren did not challenge these conditions at sentencing. Berggren timely appealed to this court.

## ANALYSIS

A.    JUROR MANDATORY REPORTERS

In Berggren's second assignment of error, he argues, "[t]he inclusion of three mandatory reporters on the jury panel denied [him] of his right to a fair and impartial trial as required by the Sixth and Fourteenth Amendments to the United States Constitution and Const. art. 1 §§ 3 and 22." Appellant's Br. at 1. But in the argument portion of his brief, he raises only the *statutory* right, set forth in RCW 4.44.180(4), to challenge jurors for implied biases. An assignment of error unsupported by argument is deemed waived. *State v. Goodman*, 150 Wn.2d 774, 782, 83 P.3d 410 (2004). Accordingly, we deem Berggren's second assignment of error, which involves a claim of *constitutional* error, waived.

Berggren argues he was denied a fair trial because three mandatory reporters had implied biases, as prohibited by RCW 4.44.180(4). He did not raise this issue to the trial court. Subject to three exceptions, none of which apply here, we may refuse to review a claim of error that was not raised below. RAP 2.5(a). We exercise our discretion and refuse to review Berggren's claim of statutory error.

Our decision to exercise discretion in this manner is largely due to three reasons. First, all three jurors believed they could decide the case impartially, and their beliefs were objectively reasonable given their colloquies. Second, in the absence of clear juror bias, trial courts should refrain from sua sponte removing jurors. *State v. Lawler*, 194 Wn. App. 275, 284-85, 374 P.3d 278 (2016). Such removals can interfere with a defendant's constitutional right to control their defense. *Id.* Third, Berggren's proposed rule is unworkable: it would require trial courts to become active in jury selection—sua sponte removing jurors who testify they can decide the case impartially simply because those jurors' life experiences might contradict their testimonies.

B.    COMMUNITY CUSTODY CONDITIONS

Berggren challenges community custody conditions 15, 21, 23, and 24. He argues that condition 15 is void for vagueness and the other three are not crime related.

As a preliminary matter, the State responds that Berggren waived these claims of error because he failed to object at sentencing to these conditions. We disagree that Berggren waived these claims of error.

A defendant may assert a preenforcement challenge to community custody conditions for the first time on appeal if the challenge is primarily legal, does not require further factual development, and is final. *State v. Bahl*, 164 Wn.2d 739, 751, 193 P.3d 678 (2008). Here, Berggren's challenges are primarily legal, and his challenge to condition 15 needs no further factual development.

*Principles*

Community custody is a type of postincarceration supervision. *State v. J.H.-M.*, 4 Wn.3d 648, 654, 566 P.3d 847 (2025). "'When a court sentences a person to a term of community custody, RCW 9.94A.703 requires that it impose conditions of community custody.'" *Id*. (internal quotation marks omitted) (quoting *State v. Geyer*, 19 Wn. App. 2d 321, 325, 496 P.3d 322 (2021)). "A trial court's authority to impose conditions is rooted in statute." *Id.*

We review the decision to impose a community custody condition for an abuse of discretion and will reverse a condition if it is manifestly unreasonable. *Id.* "Imposition of an unconstitutional condition is manifestly unreasonable." *Id*. A trial court's

imposition of a statutorily unauthorized condition also is an abuse of discretion. *Geyer*, 19 Wn. App. 2d at 326.

### 1. Vague Community Custody Condition-15

Condition 15 prohibits Berggren from "resid[ing] where minor females are residing, nor stay[ing] the night on premises where minor females are also staying the night without permission of the CCO and therapist." CP at 425.

Berggren argues condition 15 is unconstitutionally vague because the word "premises" does not provide him with sufficient notice of the prohibited conduct. We agree.

Citizens must be given fair warning of proscribed conduct. WASH. CONST. art. I, § 3; U.S. CONST. amend. XIV; *J.H.-M.*, 4 Wn.3d at 655. "A community custody condition is unconstitutionally vague if it (1) does not define the criminal offense with sufficient definiteness that an ordinary person can understand what conduct is proscribed or permitted or (2) does not provide ascertainable standards to protect against arbitrary enforcement." *J.H.-M.*, 4 Wn.3d at 655.

A law is sufficiently definite if people of ordinary intelligence can understand what it prohibits, despite some potential areas of disagreement. *Id*. "A condition that

contains a definition may be unconstitutionally vague if the definition is itself vague or overbroad." *Id*.

To determine if a condition is impermissibly vague, terms are considered in the context in which they are used, not in isolation. *Id*. at 656. Conditions should be read in a commonsense manner, considering the judgment and sentence, the statutes listed in the condition, and related documents available to the CCO. *Id*. If terms are not defined by statute, we may turn to a dictionary for their meaning. *State v. A.M.R.*, 147 Wn.2d 91, 94, 51 P.3d 790 (2002).

The term "premises" in the context of Washington community custody conditions has not been specifically addressed by Washington courts as unconstitutionally vague nor is it defined in RCW 9.94A.030. "Premises" is defined in various ways, including as "a specified piece or tract of land with structures on it" and "the place of business of an enterprise or institution." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1789 (1993).

Berggren argues condition 15 will prohibit him from staying at any motel, hotel, bed and breakfast, or other accommodations available to people who travel. He also argues there is no possible way he could determine if a minor female was staying in those types of accommodations. The State responds by contending that Berggren is

misconstruing the definition of "premises," and a hotel or like accommodation cannot be construed as a premises. The State further responds that Berggren's CCO and therapist would likely agree that "premises" is defined in this context as rooms being paid for by the defendant for an overnight stay. The State does not address whether the condition is unconstitutionally vague.

We are not persuaded by the State's arguments. Its first argument is contrary to one definition of "premises," which would include a hotel (as a business enterprise). Its second argument implies that condition 15 could be arbitrarily enforced, which would render the condition unconstitutionally vague. *J.H.-M.*, 4 Wn.3d at 655.

We remand for the trial court to provide greater clarification of what "premises" includes and excludes for purposes of condition 15. This is necessary to protect Berggren from arbitrary enforcement of that condition. The trial court, with input from the parties, might define "premises" to include rooms or houses where Berggren intends to stay, but exclude hotel rooms and similar places where Berggren does not intend to stay.

*2. Crime-Related Community Custody Conditions-21, 23, and 24.*

Condition 21 prohibits Berggren from purchasing or possessing items used for marijuana consumption. Condition 23 requires Berggren to obtain a substance use disorder evaluation and, if recommended, successfully complete treatment. Condition 24

prohibits Berggren from entering any establishment where the primary source of revenue is the sale of alcohol, like bars, taverns, and lounges. Berggren argues that the trial court exceeded its statutory authority when it imposed conditions 21, 23, and 24 because they have no reasonable relationship to his crimes of conviction.

The sentencing court has the discretion to impose "crime-related prohibitions" as conditions of community custody. RCW 9.94A.703(3)(f). A crime-related prohibition must be related to the circumstances of the crime for which the offender is being sentenced. RCW 9.94A.030(10).[2] There is no evidence suggesting Berggren's crimes were drug or alcohol related. The State concedes that conditions 21, 23, and 24 are not crime related and has no objection to us directing the trial court to strike them from the judgment and sentence. We decline to accept this concession.

"We are not required to consider an argument that a sentencing condition is not crime related when the offender had the opportunity to raise the contention in the trial court, creating a record, and failed to do so." *State v. Peters*, 10 Wn. App. 2d 574, 591,

---

[2] Both the second amended information and the jury instruction list the dates for the first degree child molestation charge as between January 1, 2011, and December 31, 2012. CP at 331, 347. We note that the judgment and sentence lists the date Berggren committed first degree child molestation as June 4, 2009. CP at 408. Because we are remanding, we invite the trial court to ask the parties if the June 4, 2009, date in the judgment and sentence needs to be corrected.

455 P.3d 141 (2019). "Whether a sentence condition is related to the circumstances of a crime is an inherently factual question." *State v. Casimiro*, 8 Wn. App. 2d 245, 249, 438 P.3d 137 (2019). Berggren agreed to the conditions; therefore, there was no reason for the trial court or the parties to develop the record on appeal. While there is no evidence in our record that Berggren's offenses were either drug or alcohol related, the presentencing investigation report is not part of our record.

Because the trial court has a better record to determine crime-relatedness, we direct it to strike conditions 21, 23, and 24 to the extent they are not crime related.

## CONCLUSION

We affirm Berggren's convictions and remand for the trial court to address the four challenged community custody conditions consistent with this opinion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____         _____
Cooney, A.C.J.                                               Hill, J.

11